STATE of Missouri ex rel. William and
Shirley TALLY, Relators,

v.

Honorable Stanley A. GRIMM, Judge of
the Circuit Court of Cape Girardeau
County, Missouri, Respondent.

No. 68277.

Supreme Court of Missouri,
En Banc.

Jan. 13, 1987.

Richard J. Burke, Jr., St. Louis, for relators.

Clinton B. Roberts, Farmington, for respondent.

HIGGINS, Chief Justice.

May the trial judge in the underlying medical malpractice action compel the plaintiff to execute an "Earnings Authorization" permitting defendants to discover wages and other income information contained in plaintiff's personnel records held by the employer?  Yes.

Respondent judge proposed to enter the order.  The Court of Appeals, Eastern District, prohibited entry of the proposed order.  This Court granted transfer and determines the cause pursuant to Mo. Const. art. V, § 10.  Writ quashed.

The underlying lawsuit is a medical malpractice action brought by William and Shirley Tally against an orthopedic surgeon, an anesthesiologist, a nurse anesthetist, the anesthesia group and the hospital for alleged negligence in the treatment of William Tally.  Plaintiffs sought damages including present and future loss of wages and earnings.

A defendant in the underlying lawsuit requested production of documents and execution of an authorization for defendants' lawyers "to have access to payroll and other income information for the years 1981, 1983, and 1984."  Plaintiffs objected on the ground the request exceeded the permissible parameters of discovery, was outside the customary scope of discovery and was burdensome; defendant moved to compel. The trial court, after hearing, proposed entry of the order of compulsion.

This prohibition is governed by *State ex rel. McNutt v. Keet*, 432 S.W.2d 597 (Mo. banc 1968).

In *McNutt*, the relators sought a writ of mandamus to compel the production of the plaintiff's medical records for the underlying lawsuit for damages from an automobile accident.  The motion for production included a medical records authorization form to be signed by the plaintiff required by the hospital records custodian to make the records available to relators.  The relators contended that the medical records were necessary to understand the injury and to discover whether previously existing

illnesses may have been responsible for the claimed damages. The Court held that because the plaintiff had placed her physical condition in issue, thereby waiving the physician-patient privilege, she was required to execute the necessary authority to the records custodian. It was also noted that the holding did not prevent the trial court from issuing protective orders pursuant to Rule 56.01(c) if necessary to restrict production of records to information "reasonably relate[d] to the injuries and aggravations claimed by the plaintiffs in the present suit." 432 S.W.2d at 602.

The trial court in this case exercised discretion in accordance with *McNutt*. Relator admits that the amount of his wages and income is relevant to the lawsuit because the petition in the underlying lawsuit alleges loss of present and future wages. The authorization is no more than a direction to the holder of the records to turn over relevant and admissible information to the defendants' attorney in the underlying lawsuit. Authorization from the plaintiff is required by the employer's office for the release of the requested information. The information is relevant to the lawsuit and not privileged, and authorization is required for the release of the information; therefore, the plaintiff may be compelled to execute the authorization in the motion to produce. Similarly, once the Court in *McNutt* determined that the information was discoverable, if authority from the plaintiff is required by the records custodian, then the plaintiff is compelled to execute the authorization. 432 S.W.2d at 602.

The execution of the authorization is not outside the accepted methods of discovery. Rule 56.01(a) states that "... [p]arties may obtain discovery by one or more of the following methods: ... production of documents or things...." Authorization in this case is required to effectuate the motion to produce properly sustained by the trial court.

Relators argue that the authorization circumvents safeguards provided by the rules of discovery. However, the authorization is compelled pursuant only to a properly sustained motion to produce and requests relevant information. Relators admission recognizes that the wage and income information is discoverable.

Relators also assert that the information was already provided to the defendants through interrogatories, requests to produce documents and the deposition of plaintiff, all of which are under oath. Rule 56.01 states that the frequency of use of the methods of discovery provided for by the rule is unlimited. Consequently, the defendant's previous use of other methods of discovery is irrelevant.

Relators fear that the "Earnings Authorization" would open the door to personal information contained in relator's personnel records which is subject to the relator's fundamental right of privacy. The respondent admits that the records may contain some information not relevant to the lawsuit, however, protective orders may be entered by the court to preserve the privacy of the parties. An *in camera* examination will provide the opportunity to determine which matters are not relevant to the lawsuit. Rule 56.01(c), *State ex rel. Friedman v. Provaznik*, 668 S.W.2d 76 (Mo. banc 1984); *State ex rel. Lester E. Cox Med. Ctr. v. Keet*, 678 S.W.2d 813 (Mo. banc 1984).

The writ in prohibition heretofore issued by the court of appeals is quashed.

BILLINGS, BLACKMAR, DONNELLY, WELLIVER and ROBERTSON, JJ., and HOUSER, Senior Judge, concur.

RENDLEN, J., not sitting.