**STATE of Missouri, ex rel. Janelle G. Schneider PIERSON, Relator,**

v.

**Hon. Stephen K. GRIFFIN, Judge of the Circuit Court of Clinton County, Missouri, Respondent.**

**STATE of Missouri, ex rel. Lucille J. WEIBERG, Relator,**

v.

**Hon. Edwin H. SMITH, Judge of the Circuit Court of Buchanan County, Missouri, Respondent.**

**Nos. WD 46188, WD 46225.**

Missouri Court of Appeals, Western District.

Sept. 15, 1992.

Theodore M. Kranitz, Kranitz & Kranitz, St. Joseph, for relator.

Brown, Douglas and Brown, Keith W. Ferguson, St. Joseph, for respondents.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

TURNAGE, Presiding Judge.

This is a consolidated action seeking a Writ of Prohibition on behalf of two plaintiffs in the underlying actions to prohibit the court from enforcing its order that they execute blanket and blank medical and personnel authorization forms. A Preliminary Order in Prohibition was issued and that order is now made absolute.

Janelle Schneider Pierson filed suit for personal injury in the Circuit Court of Clinton County as a result of an automobile accident. The petition alleged injury to her entire body but in response to interrogatories she stated that she claimed injury to her back, neck, teeth and lower lip as a result of the occurrence alleged in her peti-

tion. She further stated that those parts of the body were the source of her present complaint.

Lucille Weiberg filed an action in the Circuit Court of Buchanan County for personal injuries resulting from an automobile accident and in her petition alleged injury to her whole body. In answer to interrogatories she stated that her neck and back were injured and she lost six teeth as a result of the accident alleged in her petition. She further stated that those parts of the body were the source of her present complaints.

In both underlying actions the attorney representing the defendants submitted a form entitled "MEDICAL AND PERSONNEL AUTHORIZATION" which the court was requested to order Pierson and Weiberg to sign. The form had the word "TO:" followed by three blank lines. The form thereafter stated:

> You are hereby authorized and directed to permit Attorneys Brown, Douglas and Brown, and/or their authorized representative, to examine and copy or reproduce in any manner, all or any portions of the following records pertaining to the care, treatment, employment or employment application of Lucille J. Weiberg:

The form thereafter contained a long list of records which would include all records from hospitals, physician offices and employers that were ever made concerning Pierson.

The form which the court ordered Weiberg to execute was identical to the form Pierson was ordered to execute except each paragraph authorizing the disclosure of records stated that such records were those relating to the injuries mentioned in the petition which included virtually every part of the body.

Pierson and Weiberg objected to the request that they be ordered to execute the authorization on the ground that it was overly broad and was not addressed to any specific person or institution and was not restricted to any specific time period relat-ed to her injuries. The court in each case overruled the objection and ordered the parties to execute the form within 15 days. Thereupon, the applications for writ of prohibition were filed in this court.

*State ex rel. McNutt v. Keet,* 432 S.W.2d 597, 601[2,3] (Mo. banc 1968), held that when a party's physical condition is in issue under the pleadings in a suit, the plaintiff is considered to have waived the medical privilege accorded by statute so far as information from doctors or medical and hospital records "bearing on that issue is concerned." [1] The court further stated:

> Nothing we say herein deprives the trial court of its authority to issue protective orders under Rule 57.01(c), upon proper showing, limiting the production of such records to those which reasonably relate to the injuries and aggravations claimed by the plaintiffs in the present suit. The waiver which we today recognize does not mean that it automatically extends to every doctor or hospital record a party has had from birth regardless of the bearing or lack of bearing, as may be, on the matters in issue.

*Id.* at 602[4].

In *State ex rel. DeGraffenreid v. Keet,* 619 S.W.2d 873, 877[6] (Mo.App.1981), the court considered an authorization which the plaintiff had been ordered to execute which was addressed "To Whom It May Concern." The court noted that this was an authorization addressed "world-wide" and would give counsel for the defendant carte blanche access to any and all records and information concerning any illness or injury suffered or sustained by plaintiff at any time or place. The court held that "orders in a discovery proceeding requiring a party to produce or permit inspection and copying of documents and records may not be so broad as to include matters both within and without the proper scope of discovery." *Id.* at 877[7].

In *State ex rel. Upjohn Co. v. Dalton,* 829 S.W.2d 83, 85[3] (Mo.App.1992), the

---

**1.** *McNutt* held that if the custodian of records required authority from a plaintiff before making such records available to the defendant, the court should order the plaintiff to execute the necessary authority. This type of authorization is not mentioned in the rules, but it is commonly understood that such authorization comes under Rule 58.01.

court found that requests for documents which were not limited to a time frame or to particular products and which were not limited to the issues raised in the petition were overly broad and objectionable.

■ There can be no doubt that the authorizations in this case are addressed to the world and include any injury or disease the party may have suffered from birth to the date the authorization might be presented to the custodian of a record. Likewise, the employment records from the very first day of the party's employment at any place would be subject to discovery. The authorizations are overly broad and include matters within and without the proper scope of discovery. The court exceeded its jurisdiction when it ordered Pierson and Weiberg to execute such authorization.

On behalf of the respondent judges it is contended that the authorizations are unlimited as to the name of any person or institution and all inclusive as to time because Pierson and Weinberg alleged in their petitions that their entire bodies were injured. In *State ex rel. Williams v. Buzard*, 354 Mo. 719, 190 S.W.2d 907, 910 (Mo. banc 1945), the court held that admissions contained in answers to interrogatories may be used to obtain details of matters which are pleaded only generally. In *Silver v. Westlake*, 248 S.W.2d 628, 634 (Mo.1952), the court emphasized the significance and importance of interrogatories in determining the facts prior to trial so that the issues can be ascertained and the preparation for trial and the trial itself could be limited to those issues.

In this case, Pierson and Weiberg have filed answers to interrogatories specifying the parts of their body which they claim were injured in the accident and of which they are presently complaining. Thus, the issues in this case have been limited by those answers to the injuries to Weiberg's neck and back and the loss of six teeth and Pierson's back, neck, teeth and lower lip. At this stage of the proceeding the injuries listed by Pierson and Weiberg in their interrogatory answers are the only parts of their body which they claim were injured.

Pierson and Weiberg may later expand the parts of their bodies which they contend were injured. However, if either should attempt to testify at trial to injuries other than those listed in their interrogatory answer, the court may exercise its discretion as to sanctions to be imposed, including exclusion of evidence of other and different injuries, unless their interrogatory answer is seasonably amended. *Aulgur v. Zylich*, 390 S.W.2d 553, 556[2, 3] (Mo. App.1965), *DeWitt v. American Family Mut. Ins. Co.*, 667 S.W.2d 700, 709[25] (Mo. banc 1984).

■ It is also contended on the part of the respondent judges that Pierson and Weiberg are precluded from obtaining relief by prohibition because they failed to file a request for a protective order after the request that they be ordered to execute the authorization in question. No authority is cited for this proposition and none has been found. However, in *State ex rel. Cain v. Barker*, 540 S.W.2d 50, 57[3] (Mo. banc 1976), the court held that an "objection by means of the motion for protective order was timely because it was raised when a request for disclosure of the statements was made but before the request was answered or complied with by furnishing the documents for inspection." The court thereby placed a motion for a protective order in the same category as an objection. While the parties in this case did not file a request for a protective order, they did object to being ordered to execute the authorization in question. Here the parties timely objected to the authorization and that is all that is required. There is no requirement that a party file a motion for a protective order before seeking a writ of prohibition to prohibit a court from exceeding its jurisdiction in discovery matters.

With reference to the part of the authorization directed to employment records, the parties agree that employment records are not protected by statutory privilege. In *State ex rel. Tally v. Grimm*, 722 S.W.2d 604, 605 (Mo. banc 1987), the court held that personal information contained in a party's personnel records are subject to a fundamental right of privacy. The court in

*Grimm* held that an authorization concerning a party's pay record is subject to the limitation in *McNutt*, in that, the information sought by authorization directed to a party's employer must be limited to the issues raised in the petition.

The blank authorization in this case directed to the world for access to employment records suffers from the same infirmity as the medical record authorization. It is overly broad and would encompass every employer which Pierson and Weinberg ever had. The authorization should be tailored to seek only that information which is relevant to issues in these lawsuits upon which employment records would be relevant.

■ Prohibition is the proper remedy when a trial court abuses its discretion or exceeds its jurisdiction in making orders for discovery proceedings. *Upjohn*, 829 S.W.2d at 85. Because the authorizations in these cases are overly broad and unlimited as to the name of a person or institution to whom they are directed and are not confined to relevant information concerning the injuries which the parties are claiming, nor limited to relevant time frames, the court exceeded its jurisdiction in ordering Pierson and Weiberg to execute such authorization.[2]

The preliminary rule in prohibition is made absolute.

All concur.

---

**2.** The authorization further authorized and requested that written reports be made to the attorney presenting the authorization. This goes well beyond the authorization contemplated in *McNutt* and could run afoul of *State ex rel.* *Woytus v. Ryan*, 776 S.W.2d 389 (Mo. banc 1989). There may be other faults in the authorization but it is not necessary to explore the subject further.