STATE *of Missouri, ex rel.,* Tana
KRIGBAUM, Relator,

v.

The Honorable James L. LEMON,
Respondent.

No. 63175.

Missouri Court of Appeals,
Eastern District,
Writ Division Six.

June 1, 1993.

Russell J. Kruse, Mitchell & Kruse, Palmyra, for relator.

Mark S. Wasinger, Wasinger, Parham, Morthland Terrell & Wasinger, Hannibal, for respondent.

GRIMM, Presiding Judge.

Relator, plaintiff in the underlying action, seeks a writ of prohibition to prevent respondent/judge from enforcing his order compelling her to answer certain interrogatories. We issued a preliminary order in prohibition. We now find the order was improvidently granted and quash it.

## I. Background

The underlying case is an action for personal injuries. Plaintiff asserts that she was injured when struck in the eye by a drumstick at a rock concert.

Defendants Cheap Trick Tours, Inc. and four Cheap Trick band members served interrogatories on plaintiff; she objected to several of them. Respondent/judge [1] ordered plaintiff to answer the interrogatories. This action concerns two of those interrogatories.

## II. Statements

The first interrogatory objected to requests the "names and addresses of all persons from whom you or your attorney have obtained statements in reference to the incident...." In addition, the interrogatory requests (a) the date of the statement, (b) the person who took the statement, (c) the form and location of the statement, and (d) the person presently having custody or control of the statement.

Rule 57.01 governs the permissible scope of interrogatories. It provides in pertinent part: "Interrogatories may relate to any matters which can be inquired into under Rule 56.01...." Rule 56.01(b)(1) permits

discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, *including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter.*

(emphasis added).

Plaintiff asserts that she is not required to answer this interrogatory because it involves work product and as such is immune from discovery. To be protected as work product, or "Trial Preparation: Materials," the materials must be "documents" or "tangible things." Rule 56.-01(b)(3); *see also Board of Registration for the Healing Arts v. Spinden,* 798 S.W.2d 472, 477 (Mo.App.W.D.1990); *Enke v. Anderson,* 733 S.W.2d 462, 466 (Mo.App. S.D.1987).

Here, defendants are not asking for "documents" or "tangible things." Nor are they requesting the contents of the statements or the statements themselves.[2] Rather, they are asking only about the existence of these documents or tangible things. This request is clearly authorized by Rule 56.01(b)(1).

Moreover, the language of Rule 56.01 directly refutes plaintiff's argument. Rule 56.01(b)(1) specifically permits a party to discover the existence, description, nature, custody, and location of documents or other tangible things. Written or recorded statements are certainly included within the category "documents or other tangible things." In addition, the rule permits inquiry into "the identity and location of persons having knowledge of any discoverable

---

**1.** The ruling complained of was made by Judge Carroll Blackwell. Thereafter, the case was assigned to Judge James Lemon.

**2.** We emphasize that the interrogatory does not ask for a copy of any identified statement. Missouri's rule on obtaining copies of statements is not as broad as its federal counterpart. *Compare* Fed.R.Civ.P. 26 *with* Rule 56.01(b)(3); *see also* 8 WRIGHT & MILLER, FEDERAL PRAC-

TICE & PROCEDURE, ¶ 2027–2028, at 232–240 (1970); 4 MOORE, MOORE'S FEDERAL PRACTICE, ¶ 26.65, at 26–375 (1993). However, even under the federal rule, "a party can obtain the statement of a [non-party] witness only on a showing of necessity and inability to obtain the facts elsewhere." 8 WRIGHT & MILLER, *supra,* ¶ 2028, at 240.

matter." Rule 56.01 permits the discovery of this information.

■ Our position requiring disclosure is further supported by federal precedent. Rules 57.01 and 56.01 are patterned after Federal Rules of Civil Procedure 33 and 26 respectively. "Missouri courts have considered as a persuasive guide the construction placed upon [similar federal rules] by the federal courts." *State ex rel. Vanderpool Feed & Supply Co., Inc. v. Sloan,* 628 S.W.2d 414, 416 (Mo.App.W.D.1982). Federal Rule 26 "authorizes inquiry as to the existence and location of statements obtained from witnesses...." 4 MOORE, *supra,* ¶ 26.58, at 26–179; *see also Lincoln Gateway Realty Co. v. Carri–Craft, Inc.,* 53 F.R.D. 303, 307 (W.D.Mo.1971); *Chatman v. American Export Lines, Inc.,* 20 F.R.D. 176, 178 (S.D.N.Y.1956).

### III. Contention Interrogatory

The second interrogatory objected to requests "all facts known to you or your attorney which support[ ] the allegation that [defendants] knew or should have known of the likelihood of injury to plaintiff as a result of the incident described in plaintiff's petition." Plaintiff argues this is a contention interrogatory which "seeks the mental impressions of counsel, violates the attorney work product doctrine,[3] and such information is equally available to the defendants."

> Rule 57.01(b) provides in pertinent part: An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory *involves an opinion or contention that relates to fact or the application of law to fact,* but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

(emphasis added).

Our supreme court adopted Rule 57.01 in 1974. As noted earlier, Rule 57.01 is patterned after Federal Rule 33. The provision permitting contention interrogatories had been added to Federal Rule 33 in 1970.

The Advisory Committee Note of 1970 to Federal Rule 33 helps explain the purpose of the amendment. In part, the Note says:

> Rule 33 is amended to provide that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact. Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful and the clear trend of the cases is to permit "factual" opinions. *As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery.* On the other hand, under the new language interrogatories may not extend to issues of "pure law," *i.e.* legal issues unrelated to the facts of the case.

4A MOORE, *supra,* ¶ 33.01[6], at 33–12 (citations omitted) (emphasis added).

Commentators noted that the amendment served a useful purpose. Professor Moore commented that the amended rule conforms to "the more recent and better reasoned cases that permit discovery of matters that are unprivileged and relevant and useful in the understanding of the facts and contentions of the parties." 4A MOORE, *supra,* ¶ 33.17[2–1], at 33–83. Professors Wright and Miller also observed that contention interrogatories serve a useful purpose in narrowing the issues. They stated the "matter was well put" by a court's observation that "interrogatories are an appropriate means for obtaining a specification of the facts upon which a claim of negligence is founded." 8 WRIGHT & MILLER, *supra,* ¶ 2167, at 503–504 (citation omitted).

In 1987, this court considered contention interrogatories in *State ex rel. Papin Builders, Inc. v. Litz,* 734 S.W.2d 853 (Mo. App.E.D.1987). In *Papin,* this court set

---

**3.** As discussed earlier, work product concerns discovery of "documents and tangible things."

Rule 56.01(b)(3).

forth a six-part, "minimum requirements" test to determine whether an interrogatory is objectionable under Rule 57.01(b). *See id.* at 861.

The *Papin* test asks six questions. Unfortunately, *Papin* does not explain what the result should be if the questions are answered either all affirmatively or all negatively, or some affirmatively and some negatively. As a result, the test gives little guidance to the bench and bar.

This lack of guidance is demonstrated by the parties' briefs. Plaintiff contends that the "violation of any one guideline should be sufficient to forbid the contention question." On the other hand, defendants argue "all six of the requirements must be satisfied in order for an interrogatory to be found to be objectionable as a contention interrogatory."

We also observe that *Papin* suggested that instead of contention interrogatories, a motion to make more definite and certain was the proper device to define and sharpen the issues. *Id.* Such motions serve a useful purpose. However, this court has held it is "an abuse of discretion to order a plaintiff to make a petition more definite when the petition already alleges sufficient facts to appraise the defendant of the acts with which [the defendant] is charged so that [the defendant] can prepare a responsive pleading." *Butler v. Circulus, Inc.,* 557 S.W.2d 469, 480 (Mo.App.E.D.1977); *see also Einhaus v. O. Ames Co.,* 547 S.W.2d 821 (Mo.App.E.D.1977).

The holding in *Papin* is brought into question when the purposes of discovery and the specific wording of Rule 57.01(b) are considered. "The purposes of discovery are to eliminate concealment and surprise, to aid litigants in determining facts prior to trial, and to provide litigants with access to proper information with which to develop their respective contentions and to present their respective sides on issues framed by the pleadings." *J.B.C. v. S.H.C.,* 719 S.W.2d 866, 869 (Mo.App.E.D. 1986); *see also State ex rel. Norfolk & W. Ry. Co. v. Dowd,* 448 S.W.2d 1, 4 (Mo. banc 1969) ("The primary purpose of interrogatories is to aid the litigants to find out *prior to the trial* what the facts are, so that controversial issues can be ascertained and the preparation for trial and the trial limited to them all to the end of obtaining substantial justice between the parties litigant." (citation omitted)). An appropriate contention interrogatory, i.e. one that "relates to fact or the application of law to fact," may aid this process. Rule 57.01(b). *Papin* should no longer be followed.

One further observation needs to be made. The time when contention interrogatories are served is significant. Rule 57.-01(b) provides that "the court may order that such an interrogatory need not be answered [1] until after designated discovery has been completed or [2] until a pretrial conference or [3 until some] other later time." (bracketed material added).

The Advisory Committee Note of 1970 to Federal Rule 33 is again helpful. It explains: "Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer." 4A MOORE, *supra,* ¶ 33.01[6], at 33–12.

■ It is neither desirable nor possible to set forth a hard and fast rule delineating when contention interrogatories should be answered. This matter lies within the trial court's sound discretion. The trial court will want to consider, among other things, the amount of discovery completed and the complexity of the issues involved. In addition, the trial court may want to hear the recommendations of counsel as to the appropriate time for response.[4] Also, the trial court will want to consider whether the contention interrogatory is "otherwise proper." Rule 57.01(b).

■ Here, plaintiff filed her petition August 16, 1990. Apparently, (1) defendants filed their interrogatories on August 28, 1991, (2) plaintiff's objections were filed September 10, 1991, (3) the trial court over-

---

**4.** For a discussion of contention interrogatories and timing, see *In re Convergent Technologies* *Securities Litigation,* 108 F.R.D. 328 (N.D.Cal. 1985).

ruled the objections and sustained a motion to compel on October 20, 1992, and (4) the trial court gave plaintiff until November 19, 1992, to file answers. Neither the record nor the briefs disclose the amount of discovery completed. Plaintiff has not shown that the trial court abused its discretion by compelling plaintiff to answer this interrogatory, nor do we see an abuse of discretion.

The preliminary order in prohibition was improvidently granted. It is quashed.

STEPHAN and CRANE, JJ., concur.