STATE of Missouri ex rel. STATE
BOARD OF PHARMACY,
Appellant,

v.

The Honorable Paul R. OTTO, Commis-
sioner, Administrative Hearing
Commission, Respondent.

No. WD 47465.

Missouri Court of Appeals,
Western District.

Nov. 23, 1993.

As Modified Dec. 28, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 28, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

P. Terence Crebs, Hrant Norsigian, Jr., Herzog, Crebs & McGhee, St. Louis, for respondent.

Before TURNAGE, C.J., and LOWENSTEIN and HANNA, JJ.

TURNAGE, Chief Judge.

The State Board of Pharmacy filed a complaint before the Administrative Hearing Commission seeking to establish cause to discipline the pharmacist license of James E. Drake. Drake filed an interrogatory directed to the Board to which the Board objected. After the AHC overruled the objection, the Board sought and obtained a preliminary order in prohibition from the circuit court prohibiting the AHC from enforcing its discovery order. Thereafter, the court quashed its preliminary order. On appeal, the Board contends that the AHC acted in excess of its jurisdiction in requiring the Board to answer the interrogatory and to produce personnel and licensure files. Reversed in part and remanded.

D & D Pharmaceuticals Ltd. formerly owned Drake's Medical Center Pharmacy in Rolla. James Drake and his wife were the sole shareholders of D & D. D & D sold the pharmacy and transferred its possession in March 1988. Thereafter the business was operated under the name of Rolla Prescription Shop. In early April, Carl Garrett, an inspector employed by the Board, went to the pharmacy to perform an inspection upon the change of ownership. Garrett found Bruce Stoelting was the pharmacist in charge and Elwyn Wax was a staff pharmacist.

During his inspection Garrett discovered in Drake's prescription files evidence of numerous record keeping violations and the refilling of prescriptions without authorization. Garrett discovered other violations of Chapter 338, RSMo 1986.[1] Garrett made a second visit to the pharmacy to perform a more detailed investigation of the files which were transferred as a result of the sale of the pharmacy and discovered more evidence of record keeping and refilling violations. Garrett made a report of his investigation to the Board.

After Garrett had filed his report with the Board, the Board filed a complaint with the AHC. After the complaint had been filed the Board's attorney began trial preparation by conducting witness interviews, reviewing documents and preparing notes and memoranda.

During the course of discovery before the AHC, Drake's attorney served interrogatories on the Board. Interrogatory No. 9 stated:

9. Whether or not you have conducted or have cause [sic] to be conducted any investigation or further investigation of Respondent, James E. Drake, after the inspection

---

1. All statutory references are to Revised Missouri Statutes 1986, unless otherwise stated.

of April 4, 1988 of Drake's Medical Center Pharmacy, and if so state:

A. Identify each person conducting each such investigation or further investigation on your behalf;

B. Describe in detail each such investigation or further investigation;

C. Identify each person contacted during each such investigation or further investigation the date of each such contract [sic] and identify each person acting on your behalf who contacted each such person on each such date;

D. Describe in detail what each person said on each date when he/she was contacted and/or interviewed;

E. Describe in detail what was said to each person when he/she was contacted and/or interviewed on each such date;

F. Identify and describe in detail each document you obtained during each such investigation or further investigation;

G. Identify the person who provided you with each document identified in answer to Interrogatory No. 9G [sic] above; and

H. Identify and describe each document prepared during such investigation or further investigation.

The Board objected to Interrogatory No. 9 on the ground that it sought the mental impressions, theories, or conclusions of the Board's attorney and sought information which constituted opinion work product.

Drake's attorney subsequently served the Board with a request for production of documents by which he requested production of the personnel file and licensure files which the Board maintained on Garrett, Stoelting, Wax and the Rolla Prescription Shop and Garrett's reimbursement requests, receipts and travel expense vouchers. The Board objected to this request on the ground that these files are closed under § 620.010.14(7), RSMo Supp.1992.

The AHC overruled the objection to Interrogatory No. 9 and ordered the Board to produce the files. The AHC ordered the personnel and licensure files to be made available to Drake's attorney for his inspection and ordered that a copy of any documents requested by him should be made available but the contents would only be made public in the course of any proceedings in the case.

The Board had previously made available to Drake the report made by Garrett after his inspections. Drake had also taken the depositions of Stoelting, Wax and Garrett.

The Board filed a petition for writ of prohibition in the Circuit Court of Cole County seeking to prohibit the AHC from enforcing its discovery orders. After issuing a preliminary order in prohibition, the court quashed such preliminary order.

■ The order of the circuit court quashing its preliminary writ is an appealable final judgment. *Missouri Department of Social Services v. Administrative Hearing Commission*, 826 S.W.2d 871, 872[1] (Mo.App. 1992). Thus, this court has jurisdiction of this appeal.

Section 536.073.2(1) provides that in any contested case before an agency that any party may obtain discovery in the same manner as is provided for discovery in civil actions under the rules of civil procedure. The Board contends that Interrogatory No. 9 seeks information which is privileged opinion work product because it calls for disclosure of the mental impressions, conclusions, opinions or legal theories of its attorney concerning the litigation seeking to discipline Drake's license.

It should first be noted there is no dispute that the only investigation and preparation for trial made on behalf of the Board after Garrett's investigation was made by the Board's attorney.

■ The question presented is whether or not Interrogatory No. 9 calls for material which is privileged work product. In *Board of Registration for the Healing Arts v. Spinden*, 798 S.W.2d 472, 476[7, 8] (Mo.App.1990), this court noted that the work product doctrine applies to trial preparation materials and opinion work product. This court held that opinion work product which includes the mental impressions, conclusions, opinions or legal theories of an attorney representing a party in litigation is absolutely immune from discovery. *Spinden* at 476[8]. For trial

preparation materials the work product protection comes from Rule 56.01(b)(3). However, Rule 56.01(b)(3) grants no protection for opinion work product which is not in the form of "documents or tangible things." The protection for intangible opinion work product emanates from the decision in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). *State ex rel. Spear v. Davis*, 596 S.W.2d 499, 501[2] (Mo.App.1980).

■ There are no Missouri cases which consider the opinion work product in relation to interrogatories similar to those in question. Since Missouri and federal courts derive the protection for intangible opinion work product from *Hickman*, it is appropriate to look to federal cases interpreting this question. Several federal cases bear upon the question of whether or not Interrogatory No. 9 seeks discoverable or privileged information. A general definition of work product which *Hickman* protects was provided in *In re Grand Jury Subpoena Dated Nov. 8, 1979*, 622 F.2d 933, 935[1–4] (6th Cir.1980), which stated:

> Work product consists of the tangible and intangible material which reflects an attorney's efforts at investigating and preparing a case, including one's pattern of investigation, assembling of information, determination of the relevant facts, preparation of legal theories, planning of strategy, and recording of mental impressions.

In *Board of Education v. Admiral Heating*, 104 F.R.D. 23, 32[11–12] (N.D.Ill.1984), the court held that a party may properly inquire into the identity and location of persons having knowledge of relevant facts. The court held that an interrogatory may not go beyond that to inquire into the identity of those the "defendants have interviewed, where and when such interviews took place and whether or not a record was made...." The court stated that to give information as to the identity of those interviewed does not give information of substantive relevant facts but rather affords the potential for significant insights into the lawyers' preparation of the case. A similar holding in *Massachusetts v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149 (D.Mass.1986), noted:

> [T]he basis for not permitting interrogatories to be propounded which seek the names of persons interviewed by an adverse party is not found in Rule 26(b)(3), F.R.Civ.P., for that rule protects only "documents and things". Rather, the basis ... is the Supreme Court's holding in *Hickman*, that an attorney's "work-product" is protected ...

In *Laxalt v. McClatchy*, 116 F.R.D. 438, 443[4] (D.Nev.1987), the court stated that inquiry may not be made of whether particular persons have been interviewed because from this the opposition would be able to formulate a list of which witnesses counsel considered important and which were not. The court held this information is the type of mental impression and trial strategy which the work product rule is meant to protect.

Applying the above cases to Interrogatory No. 9 reveals that 9 A is not objectionable. The name of the persons conducting an investigation does not violate any privilege.

■ The Board contends the documents sought in 9 F and G are protected under the work product privilege, however the burden is on the party asserting the privilege to show that the work product privilege should apply. *Snowden By and Through Victor v. Connaught Laboratories, Inc.*, 137 F.R.D. 325, 331[3] (D.Kan.1991). The Board made a general objection to Interrogatory No. 9 on the ground it called for information protected by the work product privilege, however, no specific objection was made claiming 9 F and G called for a disclosure of opinion work product. On appeal the Board did not make any specific argument that 9 F and G called for opinion work product. Additionally, no protection for this information is granted by Rule 56.01(b)(3) since the interrogatory does not request the discovery of "documents or tangible things." *State ex rel. Krigbaum v. Lemon*, 854 S.W.2d 72, 73[3] (Mo.App.1993). Thus, under Rule 56.01(b)(1), Drake is entitled to discovery of these materials.

■ Interrogatory No. 9 B which called for a detailed description of the investigation is privileged under the holding in *In re Grand Jury* because it inquires into the efforts of the Board's attorney to determine

relevant facts which in turn leads to the preparation of legal theory, the planning of strategy and the recording of mental impressions. 9 C which calls for the identity of each person contacted is objectionable under *Board of Education* and *Laxalt.* Interrogatory No. 9 E requesting disclosure of what each person contacted said is not discoverable under *In re Grand Jury.* 9 H asking for a description of each document prepared calls for trial preparation material. Such material is protected from discovery by Rule 56.01(b)(3).

Drake contends he is entitled to inquire about facts. In *State ex rel. Hof v. Cloyd,* 394 S.W.2d 408, 411[9, 10] (Mo. banc 1965), the court held that interrogatories should call for specific relevant facts. Interrogatory No. 9 B, C, D, E, and H does not call for specific relevant facts bearing on the issue of whether or not Drake's pharmacy license should be disciplined, but rather seek information concerning the investigation and trial preparation of the Board's attorney. Because Drake did not seek specific facts relevant to the issue to be tried, the interrogatory does not fall in the category of fact seeking.

Drake also contends he is entitled to have 9 C, D and E answered under the holding in *State ex rel. Krigbaum v. Lemon, supra.* The interrogatory in *Lemon* requested the names and addresses of persons from whom statements had been obtained. 854 S.W.2d at 73. The interrogatory here is much broader and requests the names of all persons contacted. *Lemon* does not require a result different than that reached in *Board of Education, Laxalt* and *In re Grand Jury.*

Drake contends that *Spinden* held that interrogatories similar to those involved here were held to be proper. Contrary to Drake's argument, this court in *Spinden* allowed the interrogatory because the material sought was prepared in the ordinary and mandated course of the Board's business. *Spinden,* 798 S.W.2d at 478–79[14, 15]. Unlike *Spinden,* the interrogatory here in 9 B, C, D, E, and H sought material which was privileged opinion work product or trial preparation material under Rule 56.01(b)(3). These interrogatories did not seek information pre-

pared in the ordinary and mandated course of the Board's business.

The Board also contends that the AHC exceeded its jurisdiction in ordering the personnel and licensure files of Stoelting, Wax, Garrett and the Rolla Prescription Shop and Garrett's reimbursement requests, receipts and travel expense vouchers produced for examination by Drake's attorney. The Board abandoned its right to contest the production of Garrett's reimbursements requests, receipts and vouchers by failing to raise this issue in its brief on this appeal. *Boyer v. Grandview Manor Care Center Inc.,* 793 S.W.2d 346, 347[1] (Mo. banc 1990). Thus, those items are discoverable.

The Board contends the personnel and licensure files are closed under § 620.-010.14(7). That section provides:

All educational transcripts, test scores, complaints, investigatory reports, and information pertaining to any person who is an applicant or licensee of any agency assigned to the division of professional registration by statute or by the department of economic development are confidential and may not be disclosed to the public or any member of the public, except with the written consent of the person whose records are involved. Provided, however, that any board may disclose confidential information without the consent of the person involved in the course of voluntary interstate exchange of information, or in the course of any litigation concerning that person, or pursuant to a lawful request, or to other administrative or law enforcement agencies acting within the scope of their statutory authority.

Under the plain provisions of that section the licensure records sought are closed records which may not be made available to Drake or his attorney. Likewise, under § 610.021(13) the personnel file is closed to the public. Drake contends that this court held in *Christiansen v. State Bd. of Accountancy,* 764 S.W.2d 943 (Mo.App.1988), that such records must be disclosed in a disciplinary proceeding. *Christiansen* involved an attempt by Christiansen to obtain records of the Board of Accountancy pertaining to his

own case. *Id.* at 952[3]. It did not involve a request for the production of records involving anyone except the person who was the subject of the disciplinary proceeding. For that reason *Christiansen* has no application to this case. Under these statutes the personnel and licensure files of Stoelting, Wax and Garrett are not to be produced at the request of Drake.

By the same token § 620.010.14(7) prohibits the production by the Board of licensure files of the Rolla Prescription Shop. It is a licensee under the Board of Pharmacy and the statute makes the file of any licensee a closed file.

■ Drake argues that the exception in § 620.010.14(7) for litigation concerning that person should provide him access to the licensure files in question. However, this exception is inapplicable since the litigation does not concern Stoelting, Wax or the Rolla Prescription Shop. Rather, this litigation concerns Drake and it is his licensure file to which this exception applies.

■ Drake also contends that § 620.010.-14(7) provides that confidential information may be released pursuant to a lawful request. This provision is included in the proviso part of the statute. Drake states that he has made a lawful request and therefore the files requested should be made available to him. The general rule is that:

> [T]he office of a proviso is not to repeal the main provision of the act, but to limit their application, (and) no proviso should be so construed as to destroy those provisions.

*Kane v. Marion*, 251 Iowa 1157, 104 N.W.2d 626, 629[4] (1960). Further, rules of statutory construction have subjected provisos to strict construction. Sands, Sutherland Statutory Construction, § 47.08 (4th ed. 1973). To adopt Drake's interpretation of this phrase would be to hold that any request would qualify as a "lawful request." This would emasculate the general provisions of the statute which provides the records sought are closed records. The result would be a repeal of the main provision of the act by opening the records whenever there was a request to do so. This is beyond the scope of a proviso.

■ Prohibition is the proper remedy when a trial court abuses its discretion or exceeds its jurisdiction in making orders in discovery proceedings. *State ex rel. Pierson v. Griffin,* 838 S.W.2d 490, 493[3] (Mo.App. 1992). For the reasons discussed herein, the AHC exceeded its jurisdiction in requiring the Board to disclose information which is privileged under the work product rule and to produce closed files.

The court erred in quashing its preliminary order in prohibition as to Interrogatory No. 9 B, C, D, E, and H and in ordering the Board to produce the personnel files of Stoelting, Wax, Garrett and the licensure file of Rolla Prescription Shop. The court correctly quashed its preliminary order as to Interrogatory No. 9 A, F, and G and its judgment in that respect is affirmed. The remainder of the judgment is reversed and this cause is remanded to the circuit court with directions to enter a permanent order in prohibition prohibiting the AHC from enforcing its order that the Board answer Interrogatory No. 9 B, C, D, E, and H and to prohibit the AHC from enforcing its order that the Board produce the personnel and licensure files of Stoelting, Wax, Garrett and the Rolla Prescription Shop.

All concur.