Judy **FIERSTEIN**, Plaintiff–Appellant,

v.

**DePAUL HEALTH CENTER,**
**Defendant–Respondent.**

No. 70334.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 22, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 1997.

Application to Transfer Denied
Aug. 19, 1997.

The Schechter Law Firm, P.C., Theodore S. Schechter, Michael L. Schechter, Michael P. Cohan, Clayton, for Plaintiff–Appellant.

Lashly & Baer, P.C., Kenneth C. Brostron, Nelson G. Wolff, St. Louis, for Defendant–Respondent.

HOFF, Judge.

Judy Fierstein (Mrs. Fierstein) sued De-Paul Health Center (DePaul) under count one for violating § 630.140 RSMo 1994 [1] and, under count two, for breaching a fiduciary duty owed her under the physician/patient privilege. The lawsuit was filed after medical records reflecting Mrs. Fierstein's hospitalization at DePaul were sent directly to her ex-husband's attorney while a motion to modify the couple's decree of dissolution was pending. After DePaul received a subpoena issued July 6, 1994, the hospital immediately sent Mrs. Fierstein's medical records to her ex-husband's attorney instead of complying with the subpoena which required DePaul's custodian of records to appear and produce the records at a July 15, 1994 deposition. Mrs. Fierstein appeals the trial court's order granting summary judgment in favor of De-Paul on both counts. We affirm in part and reverse and remand in part.

Dr. Jeffrey Fierstein (Dr. Fierstein) and Mrs. Fierstein were divorced on April 6, 1992. Primary physical custody of the couple's two minor children was granted to Mrs. Fierstein. On May 9, 1994, Dr. Fierstein filed a motion to modify the decree of dissolution requesting that he be awarded primary physical custody of the children. Additionally, Dr. Fierstein requested that the trial court terminate his obligation to pay child support and restrict Mrs. Fierstein's visitation with the children to only allow her to see them under supervision.

In support of the motion and to establish a substantial and continuing change in circumstances, Dr. Fierstein alleged Mrs. Fierstein had an alcohol problem and "suffer[ed] from serious psychiatric and psychological problems which cause[d] her to act obsessively, irrationally and to neglect and abuse the minor children." The motion further alleged Mrs. Fierstein had been hospitalized for her psychiatric problems, had neglected the children by failing to take them to their activities, had been verbally abusive to the children, and had failed to supervise the children properly.

Pursuant to this motion, Dr. Fierstein's attorney caused the service of a subpoena duces tecum for deposition upon DePaul. The subpoena ordered DePaul's custodian of records to appear at a deposition at the office of Dr. Fierstein's attorney on July 15, 1994 and to produce at that time "[a]ny and all records pertaining to or concerning Judy Diane Fierstein . . . including but not limited to her hospitalization on or about April 24, 1994 through April 27, 1994." Attached to the subpoena was a letter from Dr. Fierstein's attorney informing DePaul's custodian of records that the requested documents could be mailed to her law office prior to the date of deposition to avoid appearing at the deposition.

---

1. Hereinafter, all statutory citations refer to Revised Statutes of Missouri 1994.

DePaul's custodian of records received the subpoena, executed an affidavit, and immediately mailed the requested documents to Dr. Fierstein's attorney. From the available record, it appears that Mrs. Fierstein's attorney had prior notice of the deposition, but did not receive prior notice that DePaul would release the records before the scheduled deposition. Mrs. Fierstein never gave DePaul her consent or authorization for the release of her medical records.

On August 22, 1994, Dr. Fierstein dismissed his motion to modify the decree of dissolution. As a result, Mrs. Fierstein retained primary physical custody of the minor children.

On November 4, 1994, Mrs. Fierstein filed a lawsuit against DePaul. In count one, she alleged that DePaul's release of her medical records to third parties without her consent violated § 630.140 which governs the release of confidential medical records. In count two, Mrs. Fierstein alleged the release of her medical records violated the physician/patient privilege, as well as fiduciary and ethical duties owed her by DePaul. DePaul subsequently filed a motion for summary judgment and memorandum in support alleging that Mrs. Fierstein's petition failed to state an actionable claim under count one and that no fiduciary duty existed under count two. The trial court entered summary judgment in favor of DePaul on both counts. This appeal followed.

When considering an appeal from a summary judgment, this Court reviews the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Facts set forth by affidavit or otherwise in support of the party's motion are accepted as true unless contradicted by the non-moving party's response to the motion for summary judgment. *Id.* We allow the non-movant the benefit of all reasonable inferences from the record. *Id.*

Our review of an appeal from a summary judgment is essentially *de novo*. *Id.* Our criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial

court in determining whether to sustain the motion initially. *Id.* This is because the propriety of summary judgment is purely an issue of law. *Id.* Because the trial court makes its decision based solely upon the record submitted and the law, we need not defer to the trial court's order granting summary judgment. *Id.*

Mrs. Fierstein raises three points on appeal. We address the second point first. In her second point, Mrs. Fierstein contends the trial court erred in granting summary judgment on count two of her petition. In her petition, Mrs. Fierstein alleged that DePaul breached the physician/patient privilege, its fiduciary duty of confidentiality, and its ethical duty to maintain the confidentiality of Mrs. Fierstein's medical records. Mrs. Fierstein's argues that, contrary to the trial court's judgment, this is an actionable claim under Missouri law. We agree.

In *Brandt v. Medical Defense Associates*, 856 S.W.2d 667, 674 (Mo. banc 1993), the Supreme Court of Missouri held that a physician has a fiduciary duty of confidentiality not to disclose any medical information received in connection with the treatment of the patient. There is no dispute that medical records are included under the physician/patient privilege. *Leritz v. Koehr*, 844 S.W.2d 583, 584 (Mo.App.1993). If a physician discloses any information, without first obtaining the patient's waiver, then the patient may maintain an action for damages in tort against the physician. *Brandt*, 856 S.W.2d at 674. Mrs. Fierstein has set forth adequate facts in count two of her petition to substantiate a cause of action under *Brandt*.

The facts as alleged by Mrs. Fierstein's petition indicate that DePaul released Mrs. Fierstein's records in violation of the specific orders of the subpoena. The subpoena directed DePaul's custodian of records to appear at a deposition on July 15, 1994. Regardless of the letter from Dr. Fierstein's attorney, DePaul was not instructed by the subpoena to release the records before that date. If the records had not been released prematurely, Mrs. Fierstein would have had the opportunity to dispute the release of her records at the deposition on July 15, 1994 by

filing a motion to quash the subpoena. At no time did Mrs. Fierstein waive her physician/patient privilege.

■ DePaul responds that the trial court did not err in granting its motion for summary judgment because § 210.140 precludes a claim for breach of fiduciary duty arising from the physician/patient privilege based on the release of medical records in a custody proceeding in which child abuse or neglect is alleged.

Section 210.140 states:

Any legally recognized privilege communication, except that between attorney and client, shall not apply to situations involving known or suspected child abuse or neglect ...

We find that § 210.140 does not apply in this case. During oral argument, DePaul admitted it was not aware of the allegations set forth in Dr. Fierstein's motion to modify. DePaul admitted the motion was not attached, nor were the allegations contained within the subpoena. DePaul cannot now claim after it released Mrs. Fierstein's records without knowledge of the allegations contained within Dr. Fierstein's motion that § 210.140 was the basis for the release. As alleged by Mrs. Fierstein, DePaul released Mrs. Fierstein's medical records in violation of the orders in the subpoena. Because we find § 210.140 does not apply and because Mrs. Fierstein has alleged sufficient facts that may support an actionable claim, summary judgment on this count must be reversed and remanded for trial.

■ In her first point, Mrs. Fierstein argues the trial court erred in sustaining DePaul's motion for summary judgment on count one of her petition. Mrs. Fierstein contends that there is an implied private right of action under § 630.140 and her petition alleged facts sufficient to state a cause of action in violation of the statute.

Section 630.140 states:

1. Information and records compiled, obtained, prepared or maintained by the residential facility or day program operated, funded or licensed by the department or otherwise in the course of providing services to either voluntary or involuntary patients, residents or clients shall be confidential.

Our research reveals no case law to support a cause of action or remedy under § 630.140, nor have the parties directed us to any. Because the statute does not expressly provide for a private cause of action, we cannot imply that the legislature intended to do so. Based on the facts of this case and because of the overlapping cause of action discussed earlier, we decline to create a cause of action and private remedy under § 630.140. Accordingly, we find summary judgment was properly granted on count one of the petition for failure to state an actionable claim. Point denied.

Because we remand on Mrs. Fierstein's second point, we need not address her third point.

Judgment affirmed in part and reversed and remanded in part.

CRAHAN, P.J., and GRIMM, J., concur.