STATE ex rel. Roger W. CROWDEN,
Relator,

v.

The Honorable Joseph P. DANDURAND,
17 th Judicial Circuit, Respondent.

No. 80437.

Supreme Court of Missouri,
En Banc.

June 16, 1998.

Lance A. Riddle, Bruce A. Bailey, Warrensburg, for Relator.

Paul P. Hasty, Jr., Arlen L. Tanner, Kansas City, for Respondent.

BENTON, Chief Justice.

At issue is the permissible scope of a subpoena for the production of medical and employment records at a deposition.

In the underlying lawsuit, relator Roger Crowden sought damages for injuries incurred in an automobile wreck. On July 10, 1997, the defendant issued thirteen subpoenas duces tecum for depositions scheduled fifteen minutes apart on July 31, 1997. Twelve subpoenas required Crowden's medical providers to:

Produce and bring with you: any and all records in your possession pertaining to Roger W. Crowden ... including but not limited to, hospital records, office notes, office charts, correspondence (regardless of the source), medical reports, x-rays, am-

bulance records, emergency room notes, insurance communications, insurance claim forms, psychological and/or psychiatric records and any other records in your possession pertaining to Roger W. Crowden.

One subpoena was sent to Crowden's employer, requiring production of:

Any and all records in your possession pertaining to Roger W. Crowden ... including but not limited to, applications for employment, records of all positions held, job descriptions of positions held, training manuals and tapes, salary records, performance evaluations and reports, statements and comments of fellow employees, attendance records, W–2's, workers' compensations [sic] files; all hospital, physician, clinic, psychiatric, nurse and dental records; x-rays, test results, physical examination records; any records pertaining to claims relating to health, disability or accidents including correspondence, reports, claim forms, questionnaires, records of accidents including records of payments made, and any other records in your possession pertaining to Roger W. Crowden.

On July 22, 1997, Crowden filed a Motion for Leave to Amend his petition. With leave of court, Crowden later filed an amended petition, alleging that as a direct and proximate result of defendant's carelessness, recklessness, fault, and negligence:

plaintiff suffered grievous, painful, progressive, debilitating, and permanent injuries to his head, neck, shoulders, upper back, and upper extremities including the tissues surrounding such areas.

... plaintiff suffered great pain and mental anguish as a result of the injuries set forth above and will continue to suffer great pain and mental anguish in the future.

... plaintiff has partially lost his ability to enjoy life and such loss is permanent.

... plaintiff has incurred substantial medical treatment and expense, will continue to need further medical care and treatment, and will continue to incur additional treatment and expense.

... plaintiff's ability to sleep, rest, work, and engage in physical activity has been permanently impaired.

... plaintiff has missed worked [sic] thereby resulting in a loss of wages and plaintiff will continue to miss work and suffer a loss of wages in the future.

Also on July 22, 1997, Crowden filed a Motion for Protective Order and a Motion to Quash the thirteen subpoenas. The respondent judge overruled these motions. The defendant then reissued the subpoenas duces tecum. The Court of Appeals, Western District, denied Crowden's petition for a preliminary writ. This Court then issued a preliminary order in prohibition, which is now quashed. *Mo. Const. Art. V, sec. 4.*

## I.

Crowden argues that the trial court exceeded its jurisdiction by enforcing subpoenas duces tecum that violated the physician-patient privilege, were not limited in time and scope, requested information not placed in issue by the pleadings, sought irrelevant material, violated his right to privacy, and were otherwise overbroad and oppressive. In sum, Crowden contends that the subpoenas seek information that may not be discovered.

Parties may use discovery in order to obtain relevant information, which means material reasonably calculated to lead to the discovery of admissible evidence. *Rule 56.01(b)(1).*[1] Privileged information—including medical records covered by the physician-patient privilege—is not subject to discovery. *Id*; *Brandt v. Pelican*, 856 S.W.2d 658, 661 (Mo. banc 1993); *State ex rel. Benoit v. Randall*, 431 S.W.2d 107, 109 (Mo. banc 1968). A party, however, waives this privilege by placing his physical condition in issue under the pleadings, but this "patient-litigant" waiver only extends to medical records bearing on that issue. *State ex rel. McNutt v. Keet*, 432 S.W.2d 597, 601 (Mo. banc 1968); *Brandt*, 856 S.W.2d at 672.

The permissible scope of a subpoena duces tecum for a deposition is determined by reference to the petition. *State ex*

*rel. Clemens v. Witthaus*, 360 Mo. 274, 228 S.W.2d 4, 9 (1950); *State ex rel. Jones v. Syler*, 936 S.W.2d 805, 807 (Mo. banc 1997). In this case, Crowden filed an amended petition. Once an amended petition is filed, the original petition is abandoned and may not be used except for very limited purposes. *Bledsoe v. Northside Supply & Dev. Co.*, 429 S.W.2d 727, 730 (Mo.1968); *Weir v. Brune*, 256 S.W.2d 810, 810 (Mo.1953). In order to determine the scope of the patient-litigant waiver in this case, this Court examines the amended petition, not the original petition.

Crowden argues that this Court should compare the subpoena not only to the petition but also to his interrogatory and deposition answers, which narrow his claims of physical injuries to his head, neck, shoulder, back, and arm. True, pleadings in addition to the petition may limit the issues for trial, and thus the scope of discovery. *State ex rel. Williams v. Buzard*, 354 Mo. 719, 190 S.W.2d 907, 910 (1945); *Silver v. Westlake*, 248 S.W.2d 628, 634 (Mo.1952); *State ex rel. Pierson v. Griffin*, 838 S.W.2d 490, 492 (Mo. App.1992). In this case, the amended petition was filed after the interrogatories and deposition, and makes additional allegations that remain in dispute. Crowden's allegations of mental, emotional and physical injuries are very broad: continuing great pain and mental anguish, permanent partial loss of enjoyment of life, and permanent impairment of his "ability to sleep, rest, work, and engage in physical activity." He has thus waived his privilege as to records that reasonably relate to the damages claimed. *McNutt*, 432 S.W.2d at 602.

Crowden emphasizes that the subpoenas are unlimited in time, one reason the medical authorizations in *Syler* were overbroad. *Syler*, 936 S.W.2d at 808. With records depositions, so long as the subpoenas duces tecum facially seek relevant, non-privileged information, other procedures prevent impermissible disclosure. Counsel will be present and can object to the discovery of any irrelevant or privileged information. *Rule 57.03(e).* Counsel can also move to terminate or limit the deposition. *Rule 57.03(e).* An in camera

1. All references are to *Missouri Rules of Court* 1998.

inspection allows a judge to determine relevance and privilege. *Rule 56.01(c); State ex rel. Lester E. Cox Med. Ctr. v. Keet*, 678 S.W.2d 813 (Mo. banc 1984); *State ex rel. Friedman v. Provaznik*, 668 S.W.2d 76 (Mo. banc 1984). Crowden asserts that in camera inspections will burden the judiciary. Under the present rules, such inspections may be necessary to reconcile the quest for truth with the protection of privileged relationships.

■ Trial courts have broad discretion in administering rules of discovery, which this Court will not disturb absent an abuse of discretion. *State ex rel. Plank v. Koehr*, 831 S.W.2d 926, 927 (Mo. banc 1992). This Court cannot hold that the respondent judge abused his discretion in ruling that the subpoenas seek information relevant to issues raised by Crowden's pleadings.

■ True, the subpoenas seek "any and all records." A subpoena must designate documents "with sufficient description" to reasonably exclude evidence that is not relevant to the pending cause. *Witthaus*, 228 S.W.2d at 9. Crowden's pleadings, especially the amended petition, are as broad as the subpoenas. Crowden "invited defendants' overbroad [subpoenas] by the language of [his] petition, and we are unwilling to find that the trial court abused its discretion...." *Syler*, 936 S.W.2d at 808.

Respondent argues at length that records depositions merit "higher consideration" because, unlike medical authorizations, they are created by the General Assembly. *See section 492.280 RSMo 1994.* Respondent contends that while this Court can prescribe rules for medical authorizations, it should not do so for subpoenas duces tecum at a deposition.

■ To the contrary, this Court has constitutional authority to enact rules regarding pleading, practice and procedure. Mo. Const. Art. V, Sec. V. Pleading, practice and procedure includes the rules of discovery. *State ex rel. Pete Rhodes Supply Co. v. Crain*, 373 S.W.2d 38, 39–40 (Mo. banc 1963). That records depositions are mentioned in statute is irrelevant to the scope of subpoenas duces tecum for a deposition. *See Rules 56.01(b) and 57.09.*

## II.

■ As for the employment records, Crowden argues that the subpoena is not likely to lead to the discovery of admissible evidence, and invades his right to privacy. Employees have a fundamental right of privacy in employment records. *State ex rel. Tally v. Grimm*, 722 S.W.2d 604, 605 (Mo. banc 1987). Therefore, a subpoena for employment records must be limited to the issues raised in the pleadings. *Id.* A plaintiff waives the privacy right to the extent that her pleadings raise issues to which the employment records relate. *Pierson*, 838 S.W.2d at 492–93, citing *McNutt*, 432 S.W.2d at 597. Here, Crowden alleges that his ability to work generally has been impaired, and that he has and will miss work and lose wages. In light of Crowden's broad allegations of damages, this Court finds that the respondent judge did not abuse his discretion in ruling that Crowden waived his right to privacy to relevant information contained in his employment records.

## III.

■ Crowden raises the concern that the procedural protections at a deposition are meaningless in practice because custodians (as in this case) often mail the records to requesting counsel, instead of bringing them to the deposition as required by the subpoena. *See Fierstein v. DePaul Health Center*, 949 S.W.2d 90 (Mo.App.1997). A medical provider that reveals privileged information by mailing records in lieu of attending a deposition may be sued in tort for breach of the fiduciary duty of confidentiality. *Brandt*, 856 S.W.2d at 667; *Fierstein*, 949 S.W.2d at 90. Equally, it is professional misconduct for a requesting attorney to review or otherwise use privileged records that a provider mails contrary to a subpoena requiring production of documents at a deposition. *Rule 4–8.4(d).*

## IV.

The preliminary order in prohibition issued by this Court is quashed.

All concur.