STATE ex rel. Flora MADLOCK,
Relator,

v.

The Honorable John R. O'MALLEY,
Judge, Division 6, 16th Judicial
Circuit, Respondent.

No. SC 81656.

Supreme Court of Missouri,
En Banc.

Dec. 7, 1999.

G. Spencer Miller, Christopher Heigele, Tracy Weiner, Gladstone, for Relator.

Dana M. Harris, Todd C. Barrett, Kansas City, for Respondent.

WILLIAM RAY PRICE, Jr., Chief Justice.

An authorization form for the inspection of a personal injury plaintiff's employment records, unlimited to matters put in issue by the petition, is overbroad. A protective order limiting disclosure of such records only to the parties, witnesses, attorneys and staff in the litigation is inadequate because it allows disclosure of irrelevant personal information to adverse parties. If the parties cannot agree to the proper scope of an authorization form or if the scope of the authorization cannot be appropriately limited by court order, an *in camera* inspection of the records by the trial court, or by a master at the expense of the parties, is an appropriate form of relief. Our preliminary writ of prohibition is made absolute.

## I.

■ Flora Madlock (plaintiff/relator) was struck by an automobile and filed a personal injury lawsuit. As an element of damage, she made claim for loss of income. Christopher Andrade (defendant) sought discovery from plaintiff that included a request for the execution of a Wage and Personnel Authorization form. The authorization form was not limited to any particular employer and read as follows:

You are hereby authorized and requested to furnish the law firm of Harris, McCausland & Schmitt, P.C., or their representative, **any and all information of any nature whatsoever and concerning any time whatsoever,** which you may possess concerning the undersigned's employment, personnel records, wage records, workers compensation records, disability claim records and **any other information** which you may possess concerning the undersigned's employment with your organization. It is expressly agreed that a photocopy of this authorization shall be as valid as an original. (Emphasis added.)

Plaintiff objected to this form of authorization because it was "unlimited" and because it "unreasonably invades plaintiff's privacy". In ruling defendant's motion for enforcement, the trial court ordered the parties to "enter into a stipulated protective order that limits publication and distribution of information contained in Plaintiff's employment records to only those parties, witnesses, attorneys and staff necessary to litigation of the instant cause of action".[1] We issued a preliminary order in prohibition on June 8, 1999, and this matter was heard on October 26, 1999.

## II.

■ The discovery process was not designed to be a scorched earth battlefield upon which the rights of the litigants and the efficiency of the justice system should be sacrificed to mindless overzealous representation of plaintiffs and defendants. We clearly outlined in *State ex rel. Stecher v. Dowd,* 912 S.W.2d 462 (Mo. banc 1995) and *State ex rel. Jones v. Syler,* 936 S.W.2d 805 (Mo. banc 1997), that discovery is limited to information that relates to matters put at issue in the pleadings, especially in relation to sensitive personal information. *See State ex rel. Tally v. Grimm,* 722 S.W.2d 604 (Mo. banc 1987).

■ Because plaintiff has alleged loss of income, there can be no doubt that certain information in her employment files will be relevant to quantifying her claim. It is equally obvious, however, that an authori-

[1] Technically, a court cannot order parties to "stipulate" to anything, but can only order that they confer in good faith.

zation that is not directed to specified record holders and that requests "any and all information of any nature whatsoever and concerning any time whatsoever" as well as "any other information" concerning plaintiff's employment is too broad. There is no evidence in the record that justifies the parties' inability to amicably resolve this issue.

The trial court attempted to provide plaintiff with some relief by requiring a protective order limiting disclosure of the information contained in her file to individuals involved in the case. Unfortunately, this relief is inadequate. It does not protect plaintiff from disclosure of information that may be irrelevant but embarrassing, or even harmful, to her adversaries who have a direct financial interest in misusing the information.

We considered just such a situation in *State ex rel. Tally v. Grimm*, 722 S.W.2d 604 (Mo. banc 1987). There, the approved remedy was an *in camera* inspection. *Id.* at 605. If parties refuse to properly define the scope of an authorization to inspect employment (or other) records by agreement, and if the scope of an authorization cannot be appropriately limited by court order, then a trial court is within its discretion in appointing a master to perform this task at the expense of the parties or in imposing a sanction on the parties if the court must perform this task.

The preliminary order in prohibition is made absolute.

All concur.