Mark L. CARDER, Appellant,

v.

Emma Jean EATON, Respondent.

No. WD 31904.

Missouri Court of Appeals,
Western District.

Dec. 1, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 8, 1982.

Application to Transfer Denied Feb. 16, 1982.

J. Michael Murphy, Liberty, for appellant.

Phillip S. Smith, Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

KENNEDY, Presiding Judge.

Plaintiff Mark L. Carder appeals from a judgment based upon an adverse jury verdict in his claim for damages for personal injuries allegedly incurred in a collision on July 27, 1977, in North Kansas City, Missouri, between a motorcycle operated by plaintiff and an automobile operated by defendant Eaton.

Appellant makes two complaints of trial error. The first complaint is of the giving of the contributory negligence instruction, hypothesizing plaintiff's negligent excessive speed. Plaintiff says there was no evidence to support the instruction. His position is sustained and the judgment is reversed.

The circumstances of the accident will now be described, particularly in a search for evidence of excessive speed on plaintiff's part which would support the contributory negligence instruction.

Plaintiff was riding a motorcycle north on North Oak Trafficway in Kansas City, Missouri. He stopped for a red light at Northeast 42nd Street, sometimes referred to in the evidence as Briarcliff. North Oak Trafficway at that point was four lanes wide, each lane ten feet in width, with two lanes for northbound traffic and two lanes for southbound traffic. Plaintiff was in the inside northbound lane. He was first in line at the traffic light. There was a car stopped beside him in the outside northbound lane.

When the light turned green plaintiff started forward. At a point 150 to 200 feet north of the intersection he struck the left (driver's) side of defendant's automobile. Mrs. Eaton, the defendant, had driven into the highway from a grocery store parking lot located east of the street, intending to turn left and go south on North Oak Trafficway. She had crossed the easternmost traffic lane and had come to a stop in the inside northbound lane—plaintiff's lane of traffic—when she was struck. Mrs. Eaton did not see plaintiff's motorcycle before the collision.

Plaintiff testified that he first saw Mrs. Eaton's automobile when he was 50 feet from it. She was pulling onto the highway at that time. He had reached a speed of 35 miles per hour, he estimated. He applied the brakes but could not swerve or lay the cycle down before the collision.

The time was about noon on a clear summer's day. The asphalt road surface was dry. The speed limit at that point was 45 miles per hour.

There is no evidence in the above circumstances to show excessive speed on plaintiff's part. He was under the 45-mile-per-hour speed limit by a comfortable 10 miles per hour. There is no evidence of conditions—traffic conditions, road conditions, condition of plaintiff or his vehicle, or other factors—from which the jury could find his speed was excessive. *Hill v. Boling*, 523 S.W.2d 867 (Mo.App.1975); *Harris v. Goggins*, 363 S.W.2d 717, 730–731 (Mo.App. 1962), modified at 374 S.W.2d 6 (Mo. banc 1963) (modified on other grounds).

Respondent emphasizes as a circumstance showing the excessiveness of plaintiff's speed, that the car to plaintiff's right had accelerated at a "normal" rate (quoting plaintiff's testimony), but that plaintiff was 20 to 30 feet ahead of the car when the collision occurred. The Eaton car apparently passed in front of the car on plaintiff's right, and that car passed behind the Eaton car and the scene of the collision and proceeded on north. Defendant reasons that the foregoing evidence shows that, if the car was accelerating at a normal rate, and if plaintiff outdistanced the car by 20 or 30 feet in the space of 150 to 200 feet, then

plaintiff must have accelerated at an abnormal rate. Defendant says the jury could therefore have found plaintiff's speed excessive.

The reasoning is fallacious. Two vehicles may start from a stopped position and one may attain a given speed within one distance, and the other within a greater distance, yet the acceleration rate of both may be within the "normal" range. That plaintiff accelerated at a faster rate than the other car does not show that his acceleration rate was excessive. In the second place, the acceleration rate at which the 35-mile-per-hour speed was reached is beside the point. The point submitted by the contributory negligence instruction was the attained speed and not (even if we assume an abnormally fast acceleration rate) the antecedent acceleration rate.

The only factor that made plaintiff's speed too great was, as it turned out, that defendant's car was driven into his path, and he was unable at the speed at which he was traveling to avoid colliding with it. Plaintiff need not have anticipated that defendant would drive from a private driveway into his path, and need not have regulated his speed by reference to that possibility.[1] Sec. 304.351.5, RSMo 1978. *See Cooksey v. Ace Cab Co.*, 289 S.W.2d 40, 44 [1-4] (Mo.1956).

The cases cited by defendant in which the evidence was held to support an excessive speed instruction, *Vaeth v. Gegg*, 486 S.W.2d 625 (Mo.1972); *Marshall v. Bobbitt*, 482 S.W.2d 439 (Mo.1972); *Hamilton v. Slover*, 440 S.W.2d 947 (Mo.1969), although they announce correct principles of law, are quite dissimilar upon their facts to the present case and for that reason furnish no help to defendant.

Appellant raises a second point of alleged error, in the admission of certain impeachment evidence. We do not need to decide the question, in view of our holding that the contributory negligence instruction was erroneously given and requires reversal and

remand of the case. Upon retrial, should the criticized evidence be offered again, the parties and the court will have the benefit of the research reflected in their briefs here. We feel it is unnecessary for us to rule upon the question presented.

For error in giving the contributory negligence instruction, the judgment is reversed and the case is remanded for a new trial.

All concur.

---

1. Defendant makes no contention that plaintiff failed to keep a careful lookout and no instruc-   tion was submitted on that subject.