**STATE ex rel. LESTER E. COX MEDICAL CENTER, Relator,**

v.

**Hon. James H. KEET, Jr., Judge of the Circuit Court of Greene County, Respondent.**

**STATE ex rel. NEWT WAKEMAN, M.D., INC. and J.N. Wakeman, Jr., M.D., Relators,**

v.

**Hon. James H. KEET, Jr., Judge of the Circuit Court of Greene County, Respondent.**

Nos. 65440, 65536.

Supreme Court of Missouri, En Banc.

Sept. 11, 1984.

Rehearing Denied Nov. 20, 1984.

Gerald N. Lowther, Springfield, for relator Cox Medical Center.

Gail Frederick, Springfield, for relator Wakeman.

Victor A. Bergman, Ruth M. Benien, Merriam, Kan., John W. Sims, Marshfield, for respondent Keet.

James Bartimus, Kansas City, for amicus Mo. Trial Attys.

Lori J. Levine, Gerald M. Sill, Jefferson City, for amicus Mo. Hosp. Ass'n.

RENDLEN, Chief Justice.

These consolidated proceedings in prohibition arise from an underlying medical malpractice action filed by Freda R. Ferguson seeking damages for the death of her husband, Larry Ferguson, resulting from the alleged negligence of J.N. Wakeman, Jr., Newt Wakeman, M.D., Inc., and the Lester E. Cox Medical Center (Cox). Plaintiff in the underlying suit alleges the following: On June 8, 1979, plaintiff's husband was admitted to Cox for treatment of injuries sustained in a motorcycle accident. Mr. Ferguson was treated by defendant J.N. Wakeman, Jr., M.D., and released from the hospital on July 28, 1979. On January 28, 1981, he was readmitted for the surgical removal of a "zikel" nail device by Dr. Wakeman. The surgery was performed the following day. Plaintiff alleges her husband died on February 3, 1981, as a result of a post-operative infection contracted while at Cox and under the care of Dr. Wakeman.

Plaintiff served Cox with interrogatories and moved for production of documents including: (1) documents and materials produced by and used by any "peer review" committees concerning the care provided by Dr. Wakeman and Cox personnel who attended Mr. Ferguson; (2) disclosure of information concerning the makeup and membership of the "peer review" committees; (3) information as to whether Cox had ever revoked, restricted or expanded the staff privileges of Dr. Wakeman; and (4) medical records of any patient at Cox (from 1978 forward) who had developed a bacteriological infection and/or shock subsequent to surgery and identification of and disclosure of the reason for hospitalization of any patient in the same room or ward with decedent.[1]

Relator Cox refused to comply with these discovery requests on the grounds the information sought is absolutely privileged, confidential and protected by a public policy which favors "peer review" as a means of improving the quality of health care. Plaintiff's motion to compel was granted by the respondent, the Honorable James H. Keet, Jr. Relators then obtained preliminary writs of prohibition from this Court.[2] For the reasons expressed in *State ex rel. Chandra v. Sprinkle*, 678 S.W.2d 804, decided this day, and for those additional reasons hereinafter set forth, the writs of prohibition are quashed.

■ Relator's first assertion—that a "peer review privilege" protects factual information presented to peer review committees—is ruled by our opinion in *State ex rel. Chandra v. Sprinkle*, 678 S.W.2d 804. The claim of "privilege" is rejected here for the reasons set forth in that opinion. In these cases, as in *Chandra*, the parties asserting the "privilege" have not sought a protective order pursuant to Rule 56.01(c). We, therefore, express no view regarding the parties' right to proceed under Rule 56.01(c).[3]

---

1. Plaintiff has agreed to the redaction of these records prior to production so that the name, address and any other individually identifying characteristic of each patient may be deleted.

2. Lester E. Cox Medical Center filed its petition for writ on October 12, 1983; relators Newt Wakeman, M.D., Inc. and J.N. Wakeman, Jr., M.D., filed on November 19, 1983. On November 22, 1983, this Court entered a preliminary writ in the *Cox* case and consolidated further proceedings in the matter with *State ex rel. Chandra v. Sprinkle*, Mo., 678 S.W.2d 804, decided concurrently herewith. On December 20, 1983, the preliminary writ was entered in the *Wakeman* proceeding and the cause consolidated with *Chandra* and *Cox*. The consolidated cases were argued and submitted at this Court's May 1984 Term.

3. *See State ex rel. Chandra v. Sprinkle*, 678 S.W.2d 804 at 808 n. 6.

We now address matters not presented by *Chandra: i.e.,* whether the medical records of other patients are privileged. Relators contend that the medical records of non-party patients are protected from discovery by virtue of the physician-patient privilege. *See* § 491.060(5), RSMo 1978. Even if material identifying each patient is removed, they argue, the privilege would nevertheless be violated by disclosure because information regarding treatment would be revealed. Respondent, on the other hand, maintains that the redaction to which plaintiff has agreed will remove *any* claim of privilege.

■ The circumstances, facts and interests of justice determine the applicability of the physician-patient privilege to a particular situation. *See State ex rel. Benoit v. Randall,* 431 S.W.2d 107 (Mo. banc 1968) and *Klinge v. Lutheran Medical Center of St. Louis,* 518 S.W.2d 157 (Mo.App.1974). In *State ex rel. Benoit v. Randall, id.,* this Court prohibited the trial court from permitting the plaintiff physician to examine patients' *unmasked* hospital records because the patients whose identities would be disclosed were entitled to protection from humiliation, embarrassment or disgrace as afforded by the physician-patient privilege. In that case we found it unnecessary to reach the question whether direction by the court could provide proper safeguards to the patients' privilege or whether such procedure would be permissible.

More recently, however, in *State ex rel. Friedman v. Provaznik,* 668 S.W.2d 76 (Mo. banc 1984), this Court recognized that redaction of relevant documents requested by a grand jury for comparison and allegedly containing privileged attorney-client material could be accomplished through *in camera* inspection of the materials. In this case, as in *State ex rel. Friedman v. Provaznik, id.,* no determination of the extent to which the records requested reflect privileged communications can be made without an *in camera* inspection. Respondent has the discretion

to examine *in camera* and protect the identities and privacy of the non-party patients with appropriate attention to matters claimed to be privileged beyond the identifying characteristics themselves. Although plaintiff here has consented to redaction of identifying characteristics by defendants prior to production, the trial court should examine the records because defendants assert that masking of this identifying material alone cannot protect all privileged information.

■ It is apparent that information contained in the redacted records of other patients may be relevant or lead to the discovery of evidence relevant to plaintiff's malpractice claims and the search for truth demands that such records be examined by the trial court with a careful eye to protection of the non-party patients, such as they are entitled to by the physician-patient privilege, from humiliation, embarrassment or disgrace. The preliminary writs in prohibition heretofore issued are quashed, enabling respondent to conduct *in camera* examinations of the records sought in accordance with the procedures suggested herein.

HIGGINS, GUNN, BILLINGS and BLACKMAR, JJ., and HOUSER, Senior Judge, concur.

WELLIVER, J., dissents in separate opinion filed.

DONNELLY, J., not sitting.

WELLIVER, Judge, dissenting.

I respectfully dissent. The minutes and records of the peer review committee should not be disclosed for the reasons stated in my dissenting opinion in *State ex rel. Chandra v. Sprinkle,* Mo., 678 S.W.2d 804, decided this date.

Records of non-party patients should remain privileged from disclosure under the physician-patient privilege. There were unique and compelling reasons for ordering a limited form of disclosure of the time-work records of the law firm in *State ex rel. Friedman v. Provaznik,* 668 S.W.2d 76 (Mo. banc 1984). The case files of clients, protected by the attorney-client privilege, were not directly involved. That case should be limited to its facts and its facts

alone. It is not authority for invading the attorney-client privilege or the physician-patient privilege.

I am sympathetic with all victims of malpractice, medical or legal, but all of the malpractice suits in the world together cannot justify invading the medical or legal file of a single Missouri citizen.