**STATE of Missouri, ex rel. JACKSON COUNTY GRAND JURY, Plaintiff–Relator,**

v.

**Honorable David W. SHINN, Circuit Court Judge Sixteenth Judicial Circuit, Defendant–Respondent.**

**No. WD 45886.**

Missouri Court of Appeals, Western District.

May 19, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1992.

Application to Transfer Denied Sept. 22, 1992.

———

Albert A. Riederer, Pros. Atty., Robert Frager, Asst. Pros. Atty., Kansas City, for plaintiff-relator.

Dale H. Close, Kevin E. Phillips, Kansas City Police Department Legal Advisor's Office, Kansas City, for defendant-respondent.

Before SHANGLER, P.J., and TURNAGE and FENNER, JJ.

TURNAGE, Judge.

In January, 1992, the Grand Jury of Jackson County caused a Subpoena Duces Tecum to be served upon the custodian of records of the Kansas City Police Department seeking "all documents and records maintained in the internal affairs investigation file regarding" certain named police officers. Counsel for the police department filed a motion to quash the subpoena on the ground that the records sought are closed records under § 610.021(13), RSMo

Supp.1987.[1] The circuit judge indicated that he would enter an order sustaining the motion to quash and thereupon a petition for prohibition was filed in this court with an alternative prayer for a writ of mandamus. A preliminary order in prohibition was issued and the preliminary order is now made absolute.

The parties agree that the records sought are personnel records which the city is authorized to close under § 610.021.

Section 610.021 provides:

> Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following:

> (13) Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries and lengths of service of officers and employees of public agencies once they are employed as such; ...

Section 610.010(1), defines a closed record as any record closed to the public. Section 610.011.1 provides:

> It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.

Under § 610.011.1 the legislature has declared that it is the public policy of this state that records be open to the public unless otherwise provided by law and that the statutes shall be liberally construed and the exceptions strictly construed to promote that public policy. In *Cummins v. Kansas City Public Service Co.*, 334 Mo. 672, 66 S.W.2d 920, 925[7–10] (1933), the court stated that "strict construction" is not a precise expression but is relative and varies in degree of strictness according to the character of the law under consideration. The court stated:

The primary rule of construction of statutes is to ascertain the lawmakers' intent, from the words used if possible; and to put upon the language of the Legislature, honestly and faithfully, its plain and rational meaning and to promote its object, and 'the manifest purpose of the statute, considered historically,' is properly given consideration.

It is apparent from § 610.011 that the public policy is that records are closed only to the extent declared by statute. To carry out the intent of the legislature requires that the exception to open records not be expanded beyond the express language used to declare when records are closed. Here the legislature closed the records involved to the public, but did not close them to any other group or person.

The grand jury was described in *State ex rel. Lashly v. Wurdeman*, 187 S.W. 257, 259[IV] (Mo. banc 1916), as a "component part of the court, existed at common law, and is recognized in the Constitution" and was further said to be "a necessary adjunct of all courts charged with the enforcement of the criminal law." *Id.* For this reason the grand jury is distinguished from the public. In *State v. Fears*, 659 S.W.2d 370, 376[12] (Tenn.Cr.App.1983), the court held that records which were closed to the public were not closed to the grand jury. The court held that "[c]ourts, grand juries, and district attorneys are not embraced in the term 'public' as used in these statutes." *Id.* Because of the vital role that grand juries play in law enforcement, it cannot be said that the grand jury is included in the term public as used in § 610.010(1). There is no indication that the legislature intended to restrict access to closed records to those involved in the investigation of crime.

The public policy of this state requires this court to hold that the records are closed only to the public. There is no provision that such records be closed to the subpoena power of the grand jury. Therefore, the records in this case are closed only to the public but are not closed to the power of a subpoena issued by the grand jury.

---

1. All sectional references are to RSMo Supp. 1987.

The Police Department argues that this court in *Wolfskill v. Henderson*, 823 S.W.2d 112 (Mo.App.1991), held that records of the internal investigation unit of the Lee's Summit Police Department were closed records. In that case a member of the public sought access to the files and this court properly held that such records were closed to a member of the public. That case did not involve the question of whether or not such records are beyond the reach of the subpoena power of a grand jury.

The Police Department further argues that its internal investigation records contain statements from employees of the police department, both uniformed and civilian, which are given without the benefit of a Miranda warning because the department has a policy that statements must be given in the course of an internal investigation without the benefit of any warning on pain of dismissal. It is further contended that opening such records to the grand jury would chill the ability of the police department to investigate its own officers and employees. These concerns of the police department are easily understood, but the department wants this court to rewrite the statutes to provide that such records are closed not only to the public but to a grand jury subpoena. To accommodate the department would require this court to engraft on the statute an exception which the legislature did not provide. This court is bound by the declared public policy of the legislature that records shall be open to the public unless otherwise provided and any exception is to be strictly construed. The only exception to that policy in this case is that such records are closed to the public. The grand jury is not in the same category as the public. This means the records are closed to the public but are not beyond the reach of a grand jury subpoena.

The records in this case are available to be produced upon subpoena from the Grand Jury and the court erred in holding that the subpoena would be quashed. The preliminary order of prohibition is made absolute and Judge Shinn is prohibited from entering any order to quash the Grand Jury subpoena. It follows that the court should overrule the motion to quash.

All concur.