**STATE of Missouri ex rel. Emmett WILLIAMS, et al., Petitioners,**

v.

**The Honorable William LOHMAR, Judge, Circuit Court, St. Charles County, Division I, Respondent.**

No. ED 85700.

Missouri Court of Appeals, Eastern District.

Feb. 22, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 5, 2005.

Application for Transfer Denied May 31, 2005.

Richard L. Hughes, St. Louis, MO, Michael Nolan, Clayton, MO, for petitioners.

Stephen J. Bronis, Miami, FL, Stephen A. Ecenia, Tallahassee, FL, James C. Thoele, Clayton, MO, for respondent.

**1.** An anastomosis is an opening created by surgery between two or more normally separated spaces or organs. STEDMAN'S MEDICAL DICTIONARY 70 (27th ed.2000).

## OPINION

BOOKER T. SHAW, Presiding Judge.

Emmett Willams, et al., ("Relator") filed a petition for writ of prohibition seeking to prevent the Honorable William Lohmar ("Respondent") from allowing discovery of nonparty medical records in a wrongful death action. Our preliminary order of prohibition is made absolute.

The underlying action is for the wrongful death of Relator's wife ("Decedent") alleging medical malpractice against J. Stephen Scott, M.D. and Roger de la Torre, M.D. ("Defendants") during laparoscopic bariatric surgery in April 2000. James M. Balliro, M.D. ("Dr.Balliro") was named as Relator's retained medical expert. Defendants deposed Dr. Balliro on July 28, 2004. During his deposition, Dr. Balliro testified Defendants violated the standard of care during Decedent's bariatic surgery by failing to oversew the gastric bypass anastomosis.[1] The anastomosis is surgically stapled and the issue is whether the staple line should be oversewn with a suture by the surgeon to prevent leakage. Dr. Balliro testified as follows:

Q. When you oversew the anastomosis, what do you write in your operative report?

A. Oh, it's the same thing every time. The anastomosis is oversewn circumferentially with interrupted 3–0 GI silk Lembert suture. That's capital L–E–M–B–E–R–T.

Q. And is that what you write or dictate in every operative note for bariatric surgery?

A. Yeah. Every single one of 2400 plus.

After Dr. Balliro's deposition, Defendant Dr. de la Torre filed a motion seeking the

appointment of a commissioner for the purpose of administering oaths and presiding over the taking of an out-of-state deposition. Respondent granted this motion, and a commissioner was appointed. Dr. de la Torre subsequently sought the issuance of a subpoena duces tecum to take the deposition of the custodian of records for Capital Regional Medical Center ("CRMC") in Leon County, Florida. The subpoena duces tecum was issued, requesting:

> All operative reports prepared by [Dr. Balliro] relative to laparoscopic/bariatric surgical procedures performed by Dr. Balliro between April 26, 1998 and April 26, 2000. All patient identifying information may be redacted from the reports.

Relator filed a motion to quash the subpoena and for a protective order. The custodian of records for CRMC filed an affidavit indicating Dr. de la Torre's subpoena sought over three hundred documents which were in off-site storage. The custodian of records stated not only would personnel have to travel to the off-site facility to review the documents to determine whether they were responsive to the request, but also retrieval of the documents would cost from $1.00 to $14.00 per document. Further, the custodian of records expressed concerns about serious logistical and financial burdens placed upon CRMC to comb through the documents, to ensure there were no Health Insurance Portability and Accountability Act ("HIPPA") violations by producing the documents, redact all identifying information, and provide notice to the patients that their medical records were being examined.

Dr. de la Torre filed suggestions in opposition, after which a hearing was held on Relator's motion to quash. Respondent denied Relator's motion to quash, stating, "the information sought by Defendant de la Torre (Dr. Balliro's laparoscopic/bariatric operative reports between April 26, 1998 and April 26, 2000, with all patient identifying information redacted) is neither privileged nor burdensome, but rather is relevant and discoverable." Relator then sought a writ of prohibition with this Court.

 Writs of prohibition are not issued as a matter of right; rather, whether a writ should issue in a particular case is a question left to the sound discretion of the court in which a petition has been filed. *State ex rel. Boyle v. Sutherland,* 77 S.W.3d 736, 737 (Mo.App. E.D.2002). Generally, writs of prohibition are issued when they fall within one of three categories: (1) where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction; (2) where there exists a clear excess of jurisdiction or abuse of discretion such that the trial court lacks the power to act as contemplated; or (3) where there is no adequate remedy by appeal. *State ex rel. Director of Revenue v. Mobley,* 49 S.W.3d 178, 179 (Mo. banc 2001).

 A writ of prohibition is the proper remedy for curing discovery rulings that exceed a trial court's jurisdiction or constitute an abuse of discretion. *State ex rel. Tennill v. Roper,* 965 S.W.2d 945, 947 (Mo.App. W.D.1998). "Trial courts rule on discovery requests in the first instance, and appellate courts will prohibit the trial court from acting only in rare circumstances where the trial court abuses its discretion." *State ex rel. Health Midwest Development Group, Inc., v. Daugherty,* 965 S.W.2d 841, 844 (Mo. banc 1998). Relator has the burden of showing that the trial court's ruling is beyond the bounds of judicial discretion. *Id.*

 Relator raises several grounds upon which he claims Respondent has abused his discretion in denying the motion to quash and ordering the production

of Dr. Balliro's operative notes to determine whether Dr. Balliro states in every instance that he oversews the gastric bypass anastomosis. We need only address his first argument to dispose of this issue. In his first argument, Relator claims the discovery of these medical records constitutes a fishing expedition which would not provide any evidence for cross-examination because the materials are collateral and irrelevant. Respondent claims this material is relevant because it goes to the issue of the standard of care with respect to bariatric surgeries and can be used as rebuttal evidence as to whether Dr. Balliro in fact oversews the gastric bypass anastomosis in every instance.

As a general rule, contradiction is not allowed on collateral matters. *Cline v. William H. Friedman & Associates, Inc.*, 882 S.W.2d 754, 760 (Mo.App. E.D. 1994). "The test of whether the matter is collateral for purposes of testimonial impeachment is whether or not 'the party seeking to introduce it … would be entitled to prove it as part of his [or her] case. If a fact may be shown in evidence for any purpose independent of contradiction, it is not collateral.' " *Overfield v. Sharp*, 668 S.W.2d 220, 223 (Mo.App. W.D.1984) (quoting *Frechin v. Thornton*, 326 S.W.2d 122, 126 (Mo.1959)). Thus, if a party has been permitted in the trial court's discretion to cross-examine a witness as to a collateral matter, the cross-examiner is bound by the witness's answers and will not be permitted to offer evidence to contradict the witness relative to such answers. *Cline*, 882 S.W.2d at 760.

Relator relies on *Cline* to support his contention. In *Cline*, this Court reversed a jury verdict after the trial court erroneously admitted extrinsic evidence to contradict the defendant-doctor's response elicited during cross-examination concerning whether he had encountered a particular ailment prior to the case at bar. *Id.*

This Court held whether defendant-doctor had encountered the ailment previously was a collateral matter that could not be rebutted by extrinsic evidence. *Id.*

Respondent urges us to follow *State ex rel. Lester E. Cox Medical Center v. Keet*, 678 S.W.2d 813 (Mo. banc 1984). In *Keet*, the Missouri Supreme Court held non-party patient records of the defendant-doctor may be relevant or lead to the discovery of evidence relevant to the plaintiff's malpractice claims. *Id.* at 815. Respondent believes whether Dr. Balliro oversews the gastric bypass anastomosis in every instance is relevant to determining what the standard of care is during bariatric surgery. We disagree.

The case at bar is distinguishable from *Keet* because Dr. Balliro is Relator's retained expert, not a defendant who allegedly committed medical malpractice. Dr. Balliro's non-party patient operative notes would not uncover any relevant material with respect to Dr. de la Torre's defense at trial. Moreover, whether Dr. Balliro made a notation in his operative notes regarding oversewing the gastric bypass anastomosis in every instance is a collateral matter, because Dr. de la Torre would not have to prove or disprove this fact as a part of his case in order to prevail. *See Cline*, 882 S.W.2d at 760. Therefore, we hold the trial court abused its discretion by denying Relator's motion to quash the subpoena duces tecum and appointing a commissioner to conduct the out-of-state deposition. Based on the foregoing, we need not address the additional grounds upon which Relator sought relief.

Writ of prohibition made absolute.

GEORGE W. DRAPER III, C.J., and LAWRENCE E. MOONEY, J., concur.