STATE of Missouri ex rel. CITY OF SPRINGFIELD, Missouri, a Municipal Corporation, Plaintiff–Relator,

v.

The Honorable Jason BROWN, Circuit Court of Greene County, Missouri, Associate Circuit Judge, Division 22, Defendant–Respondent.

No. 27027.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 21, 2005.

Motion for Rehearing and Transfer
Denied Dec. 12, 2005.

Application for Transfer Denied
Jan. 31, 2006.

Daniel R. Wichmer, Carl Yendes, Springfield, MO, for relator.

Darrell L. Moore (no brief filed), Springfield, MO, for plaintiff State of Missouri.

Anissa F. Whittle–Moore, Springfield, MO, for respondent.

Before PREWITT, P.J., PARRISH, J., and RAHMEYER, J.

PER CURIAM.

The City of Springfield ("the City") sought a writ to prohibit the Honorable Jason Brown ("Respondent") from entering a discovery order that the City provide to William Harris ("Defendant"):

ALL NON–ATTY/CLIENT STATE-MENTS IN ITS POSSESSION BY THE SUBJECT OFFICERS, ONLY REGARDING THE SUBJECT INCI-DENT, AND, TO PROVIDE COPIES OF ANY CITIZEN COMPLAINTS

ALLEGING VIOLENCE OR EXCES-SIVE FORCE BY SAID OFFICERS FROM 2/4/99 TO 2/4/04.

We entered a preliminary order but, finding that order was granted improvidently, we now hereby quash the order.

Defendant has been charged with three counts of third-degree assault on law enforcement officers Phillip Yarnell, Dale Sokolik and Dustin Donaldson. He claims that he did not assault the officers, but acted in self-defense when the officers attacked him at the site of an arrest. He subsequently filed a complaint against the officers and an internal affairs investigation was done by the City. Defendant was provided a copy of the results of the internal affairs investigation; however, he was not provided with the officers' statements concerning the event nor provided with other citizen complaints about the three officers.

 Although a writ of prohibition is the proper remedy for an abuse of discretion during discovery, *State ex rel. Ford Motor Co. v. Nixon*, 160 S.W.3d 379, 380 (Mo. banc 2005), a trial court rules on discovery requests in the first instance, and the appellate courts will prohibit a trial court from acting only in rare circumstances where the trial court abuses its discretion. *State ex rel. Williams v. Lohmar*, 162 S.W.3d 131, 133 (Mo.App. E.D. 2005). Prohibition will lie to prevent the forced disclosure of information during discovery, particularly when the information is protected by a statute, rule or privilege. *State ex rel. White v. Gray*, 141 S.W.3d 460, 463 (Mo.App. W.D.2004). The purpose of a writ of mandamus is to execute a clear, unequivocal, and specific right, and not to adjudicate. *State ex rel. Chassaing v. Mummert*, 887 S.W.2d 573, 576 (Mo. banc 1994). A relator seeking a writ of prohibition has the burden of showing that the trial court's ruling is beyond the bounds of judicial discretion. *Williams*, 162 S.W.3d at 133. The burden of persuasion lies with the relator. *State ex rel. MacDonald v. Franklin*, 149 S.W.3d 595, 597 (Mo.App. S.D.2004).

The City argues that:

[it] is entitled to an order prohibiting Respondent from ordering production of the internal affairs statements of Officers Phillip Yarnell, Dale Sokolik and Dustin Donaldson, as well as any citizen complaints on each of these officers alleging violence or excessive force from 1999 to 2004 because the documents are privileged under federal and state case law in that Defendant, who was charged with three counts of third[-]degree assault on a law enforcement officer cannot, as a matter of law, make any showing that the privileges attached to such information should be disregarded for any use in his defense against the underlying criminal charges, and, further during proceedings before Respondent, Defendant made no showing of either relevancy or materiality of the information nor did he state an articulable reason how such information would provide a defense to the underlying charges.

We read the City's point and argument to be two-fold, (1) that the information sought by Harris is privileged and (2) that Harris made no showing of either relevancy or materiality. We reject both claims.

 The City's argument, contrary to its point relied on, focuses on prior discovery requests by Defendant, but does not explain why the actual order made by Respondent was an abuse of discretion. For instance, the City alludes to section 610.011 et seq. (the Sunshine Law)[1] in the general sense of internal affairs investiga-

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

tions, but never explains how this specific order violates any provisions of the Sunshine Law other than to state "[t]he working files of the Internal Affairs division, are better categorized as closed records under § 610.021(3) . . . and § 610.021(13). . . ." We note Respondent did not order *all* the working files of the internal affairs division to be released to Defendant; he ordered statements given by the officers and citizen complaints.

Inexplicably, the City cites a case, *Wolfskill v. Henderson*, 823 S.W.2d 112, 114 (Mo.App. W.D.1991), for the proposition that "[t]he records sought by Defendant, which involve police officer conduct and fitness matters, are recognized as privileged from public disclosure and criminal prosecutions" without distinguishing a case from our Supreme Court which expressly overruled it. In *Guyer v. City of Kirkwood*, 38 S.W.3d 412 (Mo. banc 2001), the court analyzed various provisions of the Sunshine Law; we find the analysis to be instructive and binding on this Court. The court set forth section 610.100.2, which provides in relevant part:

> Each law enforcement agency of this state, of any county, and of any municipality shall maintain records of all incidents reported to the agency, investigations and arrests made by such law enforcement agency. All incident reports and arrest reports shall be open records. Notwithstanding any other provision of law other than the provisions of subsections 4, 5 and 6 of this section or section 320.083, RSMo, investigative reports of all law enforcement agencies are closed records until the investigation becomes inactive.

*Id.* at 413. The court noted that under this statute, "incident reports" are open records, and by implication, once the ensuing investigation becomes inactive, "inves-

tigative reports" become open records as well. *Id.* at 414.

In contrast, the court noted section 610.021 provides in pertinent part:

> Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following:
>
> . . . .
>
> (3) Hiring, firing, disciplining or promoting of particular employees by a public governmental body when personal information about the employee is discussed or recorded. . . . As used in this subdivision, the term "personal information" means information relating to the performance or merit of individual employees;
>
> . . . .
>
> (13) Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment . . . [.]

*Id.* The court then held:

> [T]he permissive closure available in section 610.021 is qualified by its own terms, that is, records may not be closed under that section "to the extent disclosure is otherwise required by law." Where, as here, a specific statute requires disclosure of a specific type of public record, section 610.021 may not be relied on to maintain closure, although it would otherwise apply.

*Id.*

In analyzing whether more than one provision of Chapter 610 applies, the court reasoned:

> [T]he decision to open or close the record must be informed by the express public policy stated in section 610.011.1, which is that all records of public governmental bodies are presumed to be open records and that the exceptions in

sections 610.010 to 610.028, including those in section 610.021, are to be strictly construed to promote that policy. In effect, section 610.011.1 should be used as a tiebreaker in favor of disclosure when records fit equally well under two specific but opposite provisions of the Sunshine Law.

*Id.*

The court specifically noted the City of Kirkwood's reliance on *Wolfskill* for the proposition that all records of internal investigations of police officers can be closed as personnel records to be misplaced. *Id.* The court also noted that *Wolfskill* was decided when a different version of section 610.100 was in effect; in fact, the version in effect at the time of *Wolfskill* did not refer to incident reports or investigative reports, concluding that to the extent that *Wolfskill* could be read to hold that records of internal investigations into criminal misconduct may be closed under section 610.021, the case was inconsistent with the current version of section 610.100 and was not to be followed. *Id.* We reject the City's first contention that there is a privilege for the ordered documents.

■ The second prong of the City's argument is that Defendant made no showing that the requests were relevant and material, in other words, subject to discovery. The City's initial argument is that Defendant did not make an offer of proof as to why the requested documents are relevant and material. The City cites to a case for the general proposition that to preserve for an appeal a claim of error when an objection is made, the offer of proof must be definite, specific, and dem-

onstrate why the evidence is relevant. *See State v. Comte,* 141 S.W.3d 89, 93 (Mo.App. S.D.2004) (holding that, when an objection to proffered evidence is sustained, an offer of proof to preserve a claim of error for appeal must be definite, specific and demonstrate why the evidence is relevant). The case has no relevance in this case when it is the City that is appealing the grant of a discovery request. Defendant had no obligation to present an offer of proof in his discovery request that was granted. The court heard extensive arguments by counsel and implicitly found the requested documents were relevant and material to the defendant's case.[2]

The court ordered two types of discovery, the statements of the officers and citizen complaints alleging excessive violence or excessive force. We first address the requested statements of the officers. Pursuant to criminal Rule 25.03,[3] disclosure is required of all written and recorded statements of persons whom the state intends to call as witnesses at any hearing or trial. The officers are the claimed "victims" of the assault; by rule, then, Defendant certainly has a right to access the written and recorded statements of the primary witnesses against him at the trial. The decision regarding relevancy and materiality of such statements has been codified in a rule of criminal procedure and we need go no further; therefore, Respondent's order regarding the non-attorney/client statements of the officers was certainly not an abuse of discretion on the claim of relevance and materiality.

Next, the City argues that the citizen complaints of excessive violence by the

---

**2.** The City also contends that the court should have made a finding that the files contained information material to Defendant's guilt or impeachment or favorable to Defendant. The contention is not in the point relied on, nor is it supported by any cases, nor do we hold that

the court had any obligation to make an express finding as to the contents of the requested documents being relevant.

**3.** All rule references are to Missouri Court Rules (2005), unless otherwise specified.

officers are irrelevant because no showing was made that Defendant was aware of the officers' reputations for violence. A review of the misdemeanor information indicates that Defendant was charged with third-degree assault and is claiming that he was acting in self-defense because the officers were the initial aggressors. We find a recent pronouncement from our Supreme Court to be on point.

In *State v. Gonzales*, 153 S.W.3d 311 (Mo. banc 2005), the court, noting there was a jury instruction on the precise issue of the justification of use of force in self-defense,[4] held the admission of the "victim's" reputation was admissible on the question of who was the initial aggressor, regardless of whether the defendant in the criminal case had knowledge of that reputation. *Id.* at 314. The court noted that the defendant's belief that the victim was the initial aggressor and the reasonableness of that belief do not bear on the determination of who actually "started it" because the inquiry is not that of a subjective belief but of an objective occurrence. *Id.* The court concluded the evidence of the victim's reputation for violence, aggressiveness, and turbulence to prove who was the initial aggressor was relevant and highly probative on the issue in light of disputed accounts of the altercation and found an abuse of discretion in the exclusion of such evidence. *Id.*

The allegations of Defendant, who has been charged with assault on three victims, are that the officers were in fact the aggressors. We find the City has failed to establish that the requested non-attorney/client "statements" of the officers in connection with this particular investigation and any citizen complaints alleging violence or excessive force involving these three officers from 1999–2004 are protected by any privilege. Likewise, the City

has failed in its claim that the discovery requests are irrelevant and immaterial. The City has failed in its burden to show that Respondent's ruling is beyond the bounds of judicial discretion. We hereby quash the preliminary order.