STATE of Missouri, Plaintiff–
Respondent,

v.

Norman L. JACKSON, Defendant–
Appellant.

No. SD 30129.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 12, 2011.

Motion for Rehearing or Reconsideration
and Transfer Denied Sept. 6, 2011.

Alexa I. Pearson, Columbia, MO, for Appellant.

Stephanie L. Wan, Asst. Atty. Gen., Springfield, MO, for Respondent.

JEFFREY W. BATES, Judge.

After a jury trial, Norman Jackson (Defendant) was convicted of the class A misdemeanors of third-degree assault of a law enforcement officer and resisting a lawful detention. *See* §§ 565.083, 575.150.[1] On appeal, Defendant contends the trial court erred in denying his motion to compel the custodian of records for the Springfield

Police Department (SPD) to release a document containing a written description of the event by the officer who was involved. The trial court decided that the document was privileged, and therefore not discoverable, pursuant to the Sunshine Law, § 610.010 *et seq.* Because that document was not privileged, the trial court abused its discretion by denying the motion to compel. Since it was fundamentally unfair to require Defendant to face trial without providing him with all of the statements made by the involved officer concerning the incident, we are constrained to reverse the judgment and remand the case for a new trial.

Defendant was charged via an amended information with second-degree assault of a law enforcement officer and resisting a lawful detention on January 26, 2009. The information alleged that: (1) Defendant knowingly caused injury to Springfield Police Officer Scott Hill (Officer Hill) by hitting him on the head; and (2) while Officer Hill was attempting to make a lawful detention, Defendant knowingly resisted by fleeing the scene. Defendant claimed that he was lawfully defending himself against the use of excessive force by Officer Hill.

In March 2009, defense counsel filed a discovery motion requesting, pursuant to Rule 25.03, that the State provide the "written or recorded statements and existing memoranda reporting or summarizing part or all of their [witnesses'] oral statements. . . ." The State provided defense counsel with the police report prepared by Officer Hill.

During Officer Hill's deposition in June 2009, defense counsel inquired about an internal affairs investigation of the incident. Officer Hill testified that he had filled out a report and form for internal affairs regarding the incident involving

---

1. All references to statutes are to RSMo Cum. Supp. (2008) unless otherwise specified. All references to rules are to Missouri Court Rules (2009).

Defendant. This "resistance control form," which contains the officer's written statement of what happened, must be completed by every officer who uses a certain level of force during an encounter. Defense counsel asked the prosecutor to provide the resistance control form, but the prosecutor could not comply because the form was under the control of the SPD.

After Officer Hill's deposition, defense counsel served a subpoena duces tecum upon the SPD custodian of records to appear for a deposition and bring "[a]ll investigating notes, papers, reports, pictures, findings, recordings, regarding mandatory investigations and complaints of excessive [sic] force against Springfield Police Officer Scott Hill (# 1472) including but not limited to involving, the use of tazer [sic], mace, or brandishing of a firearm, furthermore, all items/media relating to Police Report # 09–3913." The SPD's attorney moved to quash the subpoena. Defendant then filed a motion to compel the SPD to furnish the requested information.

At the hearing on the motion to compel, the SPD's attorney reported that there were no complaints of excessive force against Officer Hill. Defendant argued that the State was required by Rule 25.03 to produce the resistance control form because it was a written statement made by Officer Hill. The SPD's attorney acknowledged that Officer Hill had filled out a resistance control form concerning his use of force on Defendant. The SPD's attorney described the resistance control form as a "personnel record" that was only used for evaluating officer conduct and department policies. The SPD took the position that the form was privileged and not subject to discovery pursuant to the Sunshine Law. The trial court denied the motion to compel on the ground that the resistance control form was "a privileged closed document under the sunshine law." The court declined to examine the form *in camera.*

Prior to trial, the State filed a motion in limine requesting the exclusion of any reference or question related to Officer Hill's personnel record or the resistance control form, which the court sustained over Defendant's objection. During trial, defense counsel attempted to present an offer of proof concerning any internal reports or investigations that may have been generated from this case. Based upon the prior ruling that this subject was privileged, the court did not compel Officer Hill to answer any of the questions propounded to him by defense counsel. The court also adhered to its earlier ruling that the resistance control form itself was privileged and would not be provided to defense counsel.

The jury convicted Defendant of the lesser-included offense of third-degree assault of a law enforcement officer and resisting a lawful detention. He was sentenced to consecutive one-year terms in jail and ordered to pay a fine. This appeal followed.

In Defendant's first point, he contends the trial court abused its discretion in denying his motion to compel the SPD to disclose all evidence pertaining to mandatory investigations relating to the charged events. Defendant argues that disclosure of this information was required by Rule 25.03.

"The purpose of the discovery rules are to enable a defendant to adequately prepare for trial." *State v. Castillo,* 853 S.W.2d 381, 384 (Mo.App.1993). We review a claim that a trial court denied meaningful discovery for abuse of discretion. *State v. Hawkins,* 328 S.W.3d 799, 808 (Mo.App.2010). In relevant part, Rule 25.03 states:

> (A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following

material and information within its possession or control designated in said request:

(1) The names and last known addresses of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda, reporting or summarizing part or all of their oral statements. . . .

Rule 25.03(A)(1). Compliance with this rule is mandatory because its purpose is to avoid surprise and assist a defendant in preparing his case in advance of trial. *State v. Jamison*, 163 S.W.3d 552, 557 (Mo.App.2005). Rule 25.03 imposes an affirmative duty upon the State to discover and produce information in the possession or control of other governmental personnel. *See Merriweather v. State*, 294 S.W.3d 52, 55–56 (Mo. banc 2009).

■ Here, Officer Hill filled out a resistance control form after his encounter with Defendant. This form, which was in the SPD's possession and control, contained Officer Hill's written statement of what happened. The State intended to call Officer Hill as a witness at trial. Accordingly, the resistance control form constituted a written statement of a witness that the State was required to disclose to defense counsel pursuant to their written request. Rule 25.03(A)(1). As a prior statement by the State's primary witness about his encounter with Defendant, the resistance control form contains highly relevant and material information that could be used for impeachment or as substantive evidence if it contained anything inconsistent with Officer Hill's police report, his deposition testimony or his trial testimony. *See* § 491.074 RSMo (2000). The State contends the resistance control form is privileged, and therefore not discoverable, because that document constitutes a closed

personnel record pursuant to § 610.021(13). We disagree.

Under the Sunshine Law, government records are open and available for public review unless otherwise provided by law. § 610.011.2; *State ex rel. Pulitzer Missouri Newspapers, Inc. v. Seay*, 330 S.W.3d 823, 827 (Mo.App.2011). There are certain categories of records, such as personnel records, that cannot be obtained by the public pursuant to a Sunshine Law request:

> *Except to the extent disclosure is otherwise required by law,* a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following:
>
> . . .
>
> (13) Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment. . . .

§ 610.021(13) (italics added). As is plainly evident from the foregoing text, the ability of a public governmental body to close records under any of the exceptions listed in § 610.021 is expressly qualified: government agencies cannot close records when disclosure is "otherwise required by law."

■ In *State ex rel. City of Springfield v. Brown*, 181 S.W.3d 219 (Mo.App. 2005), this Court specifically addressed the argument that a written statement concerning an incident that a police officer submitted to internal affairs was not discoverable in a criminal case pursuant to Rule 25.03. *Id.* at 222.[2] There, as here, it was argued that the document was a closed personnel record that rendered it privileged. *Id.* at 222–24. We rejected that argument. *Id.* at 223. Relying upon Rule 25.03, we also noted "[d]efendant certainly has a right to ac-

---

2. As several other Missouri cases have held, the fact that a record is closed to the public under the Sunshine Law does not mean that the record is immune from discovery by a

cess the written and recorded statements of the primary witnesses against him at the trial. The decision regarding relevancy and materiality of such statements has been codified in a rule of criminal procedure and we need go no further. . . ." *Id.* We reach the same conclusion here. The resistance control form filled out by Officer Hill was not privileged.[3] It was discoverable, and its production was required by Rule 25.03. The trial court's decision to deny the motion to compel was an abuse of discretion.

██ Based upon the trial court's earlier, erroneous decision that the resistance control form was privileged, the court also excluded all of the evidence that Defendant attempted to present in connection with his offer of proof from Officer Hill. The erroneous exclusion of evidence in a criminal case creates a rebuttable presumption of prejudice. *State v. Hopper*, 315 S.W.3d 361, 367 (Mo.App.2010). "The state may rebut this presumption by proving that the error was harmless beyond a reasonable doubt." *Id.* After reviewing the record, we conclude that the State did not meet that burden here. Accordingly, Defendant's first point is granted. The judgment is reversed, and the case is remanded for a new trial.

In Jackson's second point, he contends the trial court erred in denying his request to play a videotape of his interrogation by police that occurred on the same day as the charged incident. The only relief requested in connection with this alleged error is reversal and remand for a new trial, a result already achieved via our disposition of Point I. Under these circumstances, it is neither necessary nor advisable to address Point II because the record on retrial may not be the same as the one presently before us in terms of the precise evidence offered, objections made, and rulings issued. *See State v. Morgenroth*, 227 S.W.3d 517, 524 (Mo.App.2007). "Upon retrial, should the criticized evidence be offered again, the parties and the court will have the benefit of the research reflected in their briefs here." *Carder v. Eaton*, 629 S.W.2d 553, 555 (Mo.App.1981).

The judgment is reversed, and the cause is remanded for a new trial.

RAHMEYER, P.J., and FRANCIS, J., concur.

party in litigation. *See, e.g., State v. Perry*, 879 S.W.2d 609, 614 (Mo.App.1994) (holding that the closed record exceptions under § 610.021 could not prevent discovery of police department internal affairs records when disclosure of the records was required by Rule 25.03); *State ex rel. Jackson County Grand Jury v. Shinn*, 835 S.W.2d 347, 348 (Mo.App.1992) (holding that a grand jury may subpoena closed personnel records and noting that there "is no indication that the legislature intended to restrict access to closed records to those involved in the investigation of crime"); *see also State ex rel. Mo. State Bd. of Pharmacy v. Admin. Hearing Comm'n*, 220 S.W.3d 822, 826–27 (Mo.App.2007) (holding that personnel records from the Missouri Board of Pharmacy that may have been closed under § 610.021 were still discover-

able under Rule 56.01(b)(1) to the extent the records contained information relevant to the lawsuit).

3. When a statute prohibits disclosure of records or makes them confidential, courts have held that no discovery or evidentiary privilege is created with respect to such records "in the absence of further specific statutory language creating a privilege. Such statutes mandate confidentiality but do not create a privilege." *State ex rel. Mo. Ethics Comm'n v. Nichols*, 978 S.W.2d 770, 773 (Mo.App.1998). Thus, a statutory limitation on the right of the general public to access governmental information pursuant to the Sunshine Law does not create a privilege that can be utilized to limit or defeat discovery in litigation.